**UNITED STATES of America, Appellee,**

v.

**Charles Duane LANKFORD, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Steven Allen GRIFFIN, Appellant.**

**Nos. 77–1915, 77–1938.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 14, 1978.

Decided April 19, 1978.

**1052**

R. Earl Barrett, Des Moines, Iowa, for appellants; also filed brief for appellant Griffin.

John M. Fitzgibbons, Asst. U. S. Atty., Des Moines, Iowa, for appellee; Raxanne Barton Conlin, U. S. Atty. on brief.

Before VAN OOSTERHOUT, Senior Circuit Judge, HENLEY, Circuit Judge, and LARSON, Senior District Judge.*

VAN OOSTERHOUT, Senior Circuit Judge.

Defendants Lankford and Griffin were indicted in single-count indictments charging an attempt on or about August 19, 1977, to enter the night depository of the National Bank of Washington, Iowa, with intent to commit a felony affecting such bank, and aiding and abetting therein, in violation of 18 U.S.C. §§ 2113(a) and 2. Their cases were consolidated for trial. Defendants were represented by separate court-appointed counsel. Defendants were found guilty as charged by a jury and were sentenced to three years imprisonment. Each defendant has appealed from his conviction.

Lankford's appeal was heretofore dismissed for want of prosecution but was reinstated and consolidated with Griffin's appeal by order of this court dated February 7, 1978. Lankford has adopted Griffin's brief. There is no conflict of interest with respect to the two defendants. The issues raised by both appeals are identical.

As a basis for reversal, defendants urge the trial court committed prejudicial error in the following respects: (1) overruling their motions for judgments of acquittal; (2) violation of defendants' sixth amendment rights in denying their motions for a continuance so as to enable them to obtain counsel of their own choosing.

We reject both contentions for the reasons hereinafter stated and affirm the judgments of conviction. The pertinent facts will be set out to the extent necessary in the course of this opinion.

I.

Eighteen U.S.C. § 2113(a) in pertinent part provides:

Whoever enters or attempts to enter any bank, credit union, or any savings

---

* The Honorable Earl R. Larson, Senior United States District Judge, District of Minnesota, sitting by designation.

and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

With the exception of the two issues presently to be discussed, defendants do not challenge the sufficiency of the evidence to support the convictions. In any event we have carefully examined the entire record and have no doubt that the evidence amply supported the guilty verdicts if the two issues are resolved adversely to the defendants.

First, defendants urge that they are entitled to judgments of acquittal because their attempted entry into the bank's night depository does not constitute an attempted entry into the bank within the meaning of the statute.

■ The night depository of the National Bank of Washington is located in a recessed entry way leading to the main entrance of the bank. Customers desiring to make night deposits receive a depository bag in which to place checks and cash which they desire to deposit; a key to the door of the night depository is also provided. The bags are placed inside the door, and when the door is closed and locked, the deposit bag falls down a three-to-four-foot chute located inside the outer wall of the bank and into a special safe inside the bank. The safe is opened each morning by two bank employees. The names of the depositors are listed. When a depositor comes to the bank later in the day, the bag is opened and its contents are deposited to the customer's account.

Counsel have cited no cases interpreting the statute with respect to whether it covers a night depository of the sort just described, and we have similarly discovered no cases dealing precisely with this issue. In our view, however, the statute clearly and unambiguously applies to the situation here presented.

■ The words of the statute reading "such bank, . . . or building, or part thereof, so used" reflect that Congress by appropriate language intended to make it a crime to enter any part of a bank building with intent to steal. The depository chute at the National Bank of Washington is located inside the outer wall of the bank, and the safe which receives the night deposits is located inside the inner wall of the bank. We hold under these circumstances that an attempt to enter the night depository is an attempt to enter the bank within the meaning of the statute.

■ Second, defendants urge that they are entitled to judgments of acquittal because title to the night deposits does not pass to the bank until the customer calls at the bank the next day, at which time the deposit bag is opened, its contents determined and a deposit slip issued. Several civil cases are cited to this effect.

Whether the bank obtains title to the tendered deposits is not here material. At a minimum the tendered deposits in the night depository are in the care, custody and control of the bank. *United States v. Dix,* 491 F.2d 225, 226–27 (9th Cir. 1974). The *Dix* court holds:

The bank owes a duty of care to its customers, just as any business owes to its business invitees, to maintain its premises in a condition reasonably fit for the carrying on of the banking business. The duty extends to protection from unreasonable risk of harm by robbers or other potential assailants or thieves.

*Id.* at 227. *See Chapman v. United States,* 346 F.2d 383, 387 (9th Cir. 1965); *United States v. Clark,* 398 F.Supp. 341, 371–73 (E.D.Pa.1975), aff'd, 532 F.2d 745 & 746 (3d Cir. 1976).

■ In our present case the bank by inviting its customers to use the night depository obligated itself to use due care to protect those using such service. Accord-

ingly, the crime here charged is a felony affecting the bank within the meaning of the statute.

## II.

On October 17, 1977, the date set for their trial, both defendants filed motions for a continuance to permit them to arrange to employ counsel of their own choosing. Separate counsel had been appointed at the time of arraignment. Defendants had been out on bail for two weeks before the trial and had contacted attorney Emmett George, who had agreed to represent them provided they produced a required retainer in an amount not specified.

After a hearing the motions were denied, the court stating:

> I am familiar with the work of counsel that has been appointed to represent you, and feel that you are represented by competent counsel. I'm not acquainted with Mr. George, but this matter has been set for trial for a month. I'm going to deny the motion for continuance. I am confident that that denial of that motion won't affect the representation that you receive here today. They are competent counsel, and will do a good job of representing you.

The court, after selecting a jury, did grant a continuance until the next morning to enable defendants to go over their case further with their counsel.

The trial court has a broad discretion in determining whether to grant a continuance. *United States v. Weaver,* 565 F.2d 129, 135 n. 6 (8th Cir. 1977); *United States v. Johnson,* 526 F.2d 600, 601 (8th Cir. 1975). We are convinced the court did not abuse its discretion in denying the continuance. Defendants waited until the day of trial to make their motions. The record does not show with any certainty whether the retainer requirement could have been met. The jury and the witnesses were available. Moreover, defendants were represented from the time of arraignment by competent court-appointed counsel, who had investigated the facts and who were given access to the Government's files.

Affirmed.