Curtis W. URQUHART, Appellant,

v.

A.L. LOCKHART, Director, Arkansas
Department of Correction, Appellee.

No. 83–1480–EA.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 16, 1983.

Decided Feb. 10, 1984.

Rehearing Denied March 22, 1984.

Laura A. Hensley, Little Rock, Ark., for appellant.

Steve Clark, Atty. Gen. by Theodore Holder, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before LAY, Chief Judge, FAGG, Circuit Judge, and HUNTER, Senior District Judge.*

ELMO B. HUNTER, Senior District Judge.

Arkansas state prisoner, Curtis W. Urquhart, appeals from the district court's denial of his petition for a writ of habeas corpus. For the reasons stated below, we affirm the judgment of the district court.

On September 30, 1980, a jury convicted Curtis W. Urquhart of rape and burglary. He was sentenced to 40 years' imprisonment on the rape conviction and 15 years' imprisonment on the burglary conviction, the sentences to run consecutively. Urquhart unsuccessfully appealed the convictions. *Urquhart v. State,* 273 Ark. 486, 621 S.W.2d 218 (1981). Urquhart subsequently filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Arkansas, but that petition was dismissed for failure to exhaust available state remedies.

On March 22, 1982, Urquhart filed a petition in the Arkansas Supreme Court for permission to proceed pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. The petition was denied in a *per curiam* opinion delivered on April 12, 1982. Urquhart then attempted to file a second Rule 37 petition on April 28, 1982, but the petition was not considered by the Arkansas court pursuant to Rule 37.2(b), which requires that all grounds must be raised in the original petition.

Urquhart then filed a petition, *pro se,* for a writ of habeas corpus in the United States District Court for the Eastern District of Arkansas, alleging eleven grounds in support of the relief sought. The district court, adopting a magistrate's recommended opinion, denied relief and dismissed the petition without an evidentiary hearing, *Urquhart v. Lockhart,* 557 F.Supp. 1334 (E.D.Ark.1983). Urquhart, with the aid of appointed counsel, appeals the district court's dismissal of his petition.

I. Urquhart claims that the use of hearsay testimony by the prosecutor violated his fourteenth amendment right to due process. The victim of the crimes the appellant was convicted of having committed was deaf and mute, and communicated by using sign language. A friend of hers, Barbara Foot, translated the victim's story to police, both at the hospital and later at the victim's apartment. At trial, a police officer was permitted to testify concerning statements

---

* Elmo B. Hunter, Senior District Judge, Western District of Missouri, sitting by designation.

made to him by the victim through Mrs. Foot.

■ As a starting point, we note that questions concerning the admissibility of evidence are matters of state law and are not reviewable in a federal habeas corpus proceeding unless the asserted error infringed a specific constitutional protection or was so prejudicial as to deny due process. *Wallace v. Lockhart,* 701 F.2d 719, 724 (8th Cir.1983). Urquhart challenges as fundamentally unfair the fact that the officer testified that he took pictures of the door that the victim had told him had been forced open, that he testified concerning his inspection of the scene of the crime, and that he related the victim's description of her assailant to the jury. The Arkansas Supreme Court held the admission of some of this testimony to have been error, but of a harmless nature "because the only material facts the witness related beyond the fact she reported she had been raped, was her description of the assailant, a matter that was not in issue." *Urquhart v. State,* 273 Ark. 486, 488, 621 S.W.2d 218, 219 (1981).

■ Urquhart admits that the identity and description of the assailant was not in dispute since his defense to the charge was consent. Nonetheless, he argues that the effect of the testimony was to bolster and corroborate the testimony of the victim as to how the rape occurred. The evidence corroborating the victim's testimony as to how the rape occurred was the officer's description of his inspection of the scene of the crime. Testimony of such first hand knowledge does not appear to be objectionable as hearsay. The admission of the challenged testimony, if it was error, did not infringe a specific constitutional right and was not so prejudicial as to deny Urquhart due process. A consideration of the challenged evidence in its entirety does not present a question of constitutional dimension to provide a basis for habeas corpus relief.

■ II. At trial, a friend of the victim served as interpreter when the victim testified. Urquhart contends now that an independent impartial interpreter should have been appointed for his benefit, and failure to do so violated his right to be confronted by a witness against him. The record indicates that no objection to the use of the particular interpreter was raised at trial, and that the Arkansas court refused to consider the question in post conviction proceedings due to the defendant's failure to make a timely objection. Where a petitioner fails to comply with state procedural rules and the state relies on that non-compliance in dismissing the issue, federal courts are precluded from considering the question unless the petitioner can demonstrate cause for the non-compliance and resultant prejudice. *Engle v. Issac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982); *Wallace v. Lockhart,* 701 F.2d 719, 726 (8th Cir.1983). Urquhart alleged neither cause nor resultant prejudice in his *pro se* petition in the district court. On appeal with court appointed counsel Urquhart admits that a showing of cause and prejudice can not be made. The district court correctly dismissed this issue without an evidentiary hearing.

■ III. Urquhart contends that he was denied effective assistance of counsel at trial and on direct appeal. In the district court Urquhart claimed his attorney was incompetent in that (1) this was the attorney's first "case of this nature"; (2) the attorney did not know sign language; (3) the attorney failed to include all the issues that Urquhart requested on direct appeal; and (4) the attorney was not prepared for trial. Urquhart's brief on appeal contains a description of several alleged instances of trial counsel's incompetency that were not raised in the district court. We are limited to consideration of those allegations of incompetence that were before the district court. *Lacy v. Lockhart,* 697 F.2d 271 (8th Cir.1983), cert. denied —— U.S. ——, 103 S.Ct. 1899, 77 L.Ed.2d 287.

■ A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute,

or where the dispute can be resolved on the basis of the record. *Wallace v. Lockhart*, 701 F.2d 719, 730 (8th Cir.1983). A consideration of Urquhart's claim that his attorney was ineffective convinces us that the district court did not err in dismissing this issue without an evidentiary hearing.

■ In order to prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was prejudiced by his attorney's ineffectiveness. *Brunson v. Higgins*, 708 F.2d 1353, 1356 (8th Cir.1983). As the district court noted, most of Urquhart's allegations concerning his claim of ineffective assistance of counsel are conclusory and unsubstantiated. Moreover, the magistrate's report summarily rejected the claim of ineffectiveness because there was no indication of the manner in which any of the claimed deficiencies resulted in prejudice. Urquhart was given an opportunity to file objections to the magistrate's report and to provide additional evidence in support of his petition. Urquhart's "Objection to Recommendation," even given a liberal reading, failed to state any prejudice that resulted from the alleged deficiencies. Dismissal of this incomplete claim was not error.

IV. Urquhart's last argument for reversal is his claim that he was denied his right to effective assistance of counsel when the trial judge would not grant a continuance so new counsel could be retained. Urquhart alleges that his mother was willing to pay for retained counsel to handle his case. He claims he informed his appointed counsel of this fact three weeks before trial. On the day of trial, Urquhart requested a continuance to enable him to retain counsel of his choice. The trial judge denied the request.

■ While it is clear that an accused who is financially able to retain counsel of his own choosing must not be deprived of a reasonable opportunity to do so, it is also clear that the right to retain counsel of one's choice is not absolute. *See Linton v. Perini*, 656 F.2d 207 (6th Cir.1981). "When a continuance is sought to retain or replace counsel, the right to select counsel must be carefully balanced against the public's interest in the orderly administration of justice." *Id.* at 209.

■ A trial court must have broad discretion in ruling on matters of continuances.

"Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. Consequently, broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel. *Ungar v. Sarafite*, 376 U.S. 575, 589, 11 L.Ed. 921, 84 S.Ct. 841 [849] (1964)."

*Morris v. Slappy*, —— U.S. ——, —— ——, 103 S.Ct. 1610, 1616, 75 L.Ed.2d 610, 619–620 (1983).

■ Under the circumstances of this case, it cannot be said that the trial court violated Urquhart's sixth amendment right to counsel in not granting the continuance. The question of a continuance was not presented to the court until the day of trial. Urquhart had not retained private counsel in the two and one half month period between the time of his arrest and the date of trial. No attorney other than court appointed counsel entered or sought to enter an appearance on behalf of Urquhart. The probability of Urquhart actually retaining private counsel was no more certain than the probability of retaining counsel in *United States v. Lankford*, 573 F.2d 1051, 1054 (8th Cir.1978). Under these circumstances, the public's interest in the efficient administration of justice justified the trial court's refusal to grant a continuance.

The judgment of the district court is affirmed.