UNITED STATES of America, Plaintiff,

v.

**Jeffrey Todd HANSON, Defendant.**

**Crim. No. 90–241–FR.**

United States District Court,
D. Oregon.

Nov. 9, 1990.

Charles H. Turner, U.S. Atty., Leslie K. Baker, Asst. U.S. Atty., Portland, Or., for plaintiff.

Steven T. Wax, Federal Defender, Colleen Scissors, Asst. Federal Defender, Portland, Or., for defendant.

### OPINION

FRYE, Judge:

The matter before the court is the motion of defendant, Jeffrey Todd Hanson, to dismiss the indictment pending against him for violation of Title 18, United States Code, Section 2113(a).

### STIPULATED FACTS

On August 6, 1990, at approximately 2:13 a.m., Jeffrey Todd Hanson, along with a second individual, pried loose the metal plate of the night depository box at Security Pacific Bank of Oregon at 9450 SW Beaverton–Hillsdale Highway, Portland, Oregon. Mr. Hanson and his compatriot, who were outside of the building, then either manually, or with the use of some sort of tool or other retrieval device, lifted the deposits out through the hole in the exterior bank wall where the night depository plate had been.

The night depository in question is set into the brick wall to the left of and perpendicular to the double-glass entry doors to the bank. From the outside of the bank it looks like a flat metal plate, approximately one and one half feet wide by three feet in height. It is flush with the brick wall. There are two slots, one below the other, which pull open to allow bank patrons to insert their deposits. *See* Exhibit A to Stipulated Facts in Support of Motion to Dismiss. Once the customer pushes the slot closed, his or her deposit drops approximately five feet into a safe that is on the other side of the brick wall on which the night depository is mounted. The safe is approximately two feet square in width and three feet tall, with a chute that connects it to the exterior, depository slots.

The safe is in a self-contained room in the bank with a door that is kept un-

locked and closed. In order to retrieve the deposits from the safe, a designated bank employee must unlock a key lock to the safe and also disengage a combination lock. The safe is kept locked at all times and is opened only to withdraw deposits. Once retrieved, the deposits are credited to the depositor's account. They had not as yet been retrieved from the safe by a bank employee on August 6, 1990, when Mr. Hanson took them. Defendant's Memorandum of Law in Support of Motion to Dismiss, pp. 1–2.

## CONTENTIONS OF THE PARTIES

Hanson contends that when he removed the deposits from the night depository slot, he did not violate 18 U.S.C. § 2113(a) because 1) he did not "enter" the bank when he removed the funds; and 2) he did not "affect" the bank because title to the deposits had not yet passed to the bank.

The government contends that 1) removing money from the night depository slot constitutes entering the bank under 18 U.S.C. § 2113(a); and 2) that the act of removing this money is one which affects the bank because the money was in the care, custody and control of the bank, regardless of whether or not the bank held legal title to it.

## APPLICABLE LAW

18 U.S.C. § 2113(a) makes it illegal for any person to "enter[ ] or attempt[ ] to enter any bank ... or any building used in whole or in part as a bank ... with intent to commit in such bank ... or building, or part thereof, so used, any felony affecting such bank."

## ANALYSIS AND RULING

The United States Court of Appeals for the Eighth Circuit considered facts and contentions similar to those presented in this case in *United States v. Lankford*, 573 F.2d 1051 (8th Cir.1978). In deciding whether section 2113(a) embraces removal of funds from night depository slots, the court found that the use of the words "or building, or part thereof, so used" in section 2113(a) reflects the intent of Congress to make it a crime to enter any part of a bank building with the intent to steal. *Lankford* at 1053. This court agrees with the reasoning of the Eighth Circuit and holds that the entry into a night depository located within the walls of a bank, whether by hand or by tool, constitutes entry into the bank under the terms of 18 U.S.C. § 2113(a).

*Lankford* also addressed the question of whether, because title to night deposits does not pass to the bank until the deposits have been processed by the bank, removal of those deposits "affects" the bank within the meaning of section 2113(a). *Lankford* at 1053. The court in *Lankford* determined that although the bank may not hold legal title to unprocessed deposits placed in the night depository slot, the deposits are in the care, custody and control of the bank. *Lankford* at 1053 (citing *United States v. Dix*, 491 F.2d 225, 226–27 (9th Cir.1974)).

A bank owes a duty of care to its customers to maintain its premises in a condition reasonably fit for carrying on the business of banking. *Dix* at 227. This duty of care includes protection of the deposits of those customers who choose to use the night depository. *See Lankford* at 1053. Thus, although a bank may not yet hold legal title to the unprocessed funds deposited through its night depository slot, removal of those funds interferes with the duty of care that the bank owes to all of its depositors. This court agrees with the reasoning of the Eighth Circuit and holds that the removal of unprocessed deposits from the night depository of a bank constitutes a felony which "affects" the bank under the terms of section 2113(a).

## CONCLUSION

Hanson's motion for dismissal of the indictment pending against him is denied.