**Horacio Arraz SAENZ, Plaintiff,**

v.

**Warren DIESSLIN and Gale Norton, Defendants.**

No. 94–K–371.

United States District Court, D. Colorado.

March 29, 1995.

---

James P. Moran, Asst. Federal Public Defender, Denver, CO, for plaintiff.

Jacque Lyn Russell, Asst. Atty. Gen., Crim. Enforcement Section, Denver, CO, for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This habeas corpus petition filed by Horacio Arraz Saenz (Saenz) in accordance with 28 U.S.C. § 2254 challenges his convictions for murder and conspiracy. For the reasons discussed, the petition is denied.

Saenz is serving two life sentences for murder and twelve years for conspiracy in

the custody of the Colorado Department of Corrections. He was charged in 1981.

A card game occurred in an apartment on the north side of Denver, Colorado. Saenz and one of the players, Rudolfo Melendez, argued. Celto Tena broke up the imbroglio, taking a knife from Saenz who then left the apartment building.

Saenz later returned to the apartment building and shot Rudolfo Melendez and Ephriam Melendez. Both died and Saenz fled. At trial Saenz called two witnesses who testified that he was in California attending a party on the evening of the shootings. The jury rejected this testimony and returned guilty verdicts against Saenz as charged.

On appeal to the Colorado Court of Appeals, Saenz raised two issues: (1) insufficiency of the evidence and (2) abuse of discretion by the trial judge in imposing consecutive life sentences. The Court of Appeals affirmed on June 6, 1985. The Supreme Court of Colorado denied Saenz' petition for certiorari on January 26, 1986.

On March 7, 1986, Saenz filed a motion in the state district court for post-conviction relief. He alleged denial of the effective assistance of counsel. His court-appointed counsel filed an amended motion alleging denial of the right to have retained counsel, ineffective assistance of appointed counsel and newly discovered evidence that was sufficient to change the result of the trial. The trial court denied the motion and the Colorado Court of Appeals affirmed. The Supreme Court of Colorado denied Saenz' second petition for certiorari.

Saenz then filed a *pro se* petition raising four claims for relief: (1) insufficiency of the evidence, (2) denial of counsel of his choice, (3) newly discovered evidence and (4) ineffective assistance of counsel. He requested and received appointment of counsel.

■ His counsel moves to dismiss the claim of ineffective assistance of counsel because that issue was not fully and fairly presented to the Colorado courts. He did not wish to face dismissal here on the grounds that the petition contains "mixed" claims, some of which had not been exhausted. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct.

1198, 71 L.Ed.2d 379 (1982). Therefore, this motion to dismiss the ineffective counsel claim is granted.

In his initial petition, Saenz claimed newly discovered evidence was sufficient to change the result of the trial. Respondents argue Saenz must make a showing of absolute innocence or the claim is not cognizable in this proceeding. *Herrera v. Collins,* —— U.S. ——, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993).

■ The newly discovered evidence was from a witness who observed someone at the apartment house with a gun. The witness did not see this individual shoot the victims nor did the witness indicate the individual was not Saenz. Under *Herrera* federal courts are not permitted to re-examine newly discovered evidence claims, except in the most limited of circumstances. *Id.* at ——, 113 S.Ct. at p. 860. Such circumstances do not exist in this case.

■ Saenz urges the prosecution failed to prove his guilt beyond a reasonable doubt. The Due Process Clause of the Fourteenth Amendment prohibits any criminal conviction except upon proof beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The test is whether, after reviewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the constituent elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979). The evidence must be reviewed with deference to the fact-finder. *Id.*

■ Here, evidence clearly supports the guilty verdict beyond a reasonable doubt. Witnesses testified that Saenz was present in the apartment building armed with a gun following an argument with one of the victims. Saenz alibi evidence does not vitiate this evidence; rather, it presents a conflicting version which was rejected by the trier of fact.

After Saenz was arrested and a criminal complaint filed, Armando CdeBaca (CdeBaca) was appointed to represent him. Saenz could not speak, read or write in the English

language and thus required an attorney who was fluent in both Spanish and English. CdeBaca entered his appearance at the arraignment on May 19, 1983 and requested continuance of his appointment. The request was granted and a trial date of September 6, 1983 was set. A speedy trial cutoff date of November 18, 1983 was noted.

Sometime after the arraignment, Saenz and his family retained another Spanish-speaking lawyer, Duane Montano (Montano), who attempted to enter his appearance as counsel of record for Saenz on August 3, 1983. The state trial judge noted that he had talked with CdeBaca earlier in the day and CdeBaca had not indicated that other counsel would be entering an appearance.

The trial judge at first indicated he would permit Montano to enter his appearance and CdeBaca to withdraw. The judge stated he would extend the time in which the accused could file motions, but reiterated the trial date of September 6. Montano said he would need a continuance and that Saenz would sign a waiver of his speedy trial rights. The judge indicated he would grant a continuance and the courtroom clerk handed Montano a waiver form. Montano then reviewed the form in Spanish with Saenz and the following colloquy occurred:

> THE COURT: ... The record will also reflect that Mr. Montano has explained speedy trial to the Defendant as he has stated it for the Court, and the Court will extend speedy trial until February 2 of 1984.
>
> . . . . .
>
> MR. MONTANO: Judge, I had informed the Court it was my understanding Mr. Saenz was ready to execute a waiver of speedy trial. I talked with him twice; he indicated he was. Now he has indicated to me he would prefer to talk with his brother, who is in the State of California, prior to the time of the execution of the waiver of speedy trial. Obviously, that will necessitate either a phone call this evening or tomorrow evening to the county jail. I can appreciate that given the circumstances exactly what Mr. Saenz is facing that he deems it to be a major decision.
>
> Bearing that in mind, I would ask for the Court's indulgence to set it over to August 5 in the morning.
>
> THE COURT: What is the name of the individual the Defendant wishes to call?
>
> MR. MONTANO: Lorenzo Saenz. Evidently he lives in Thermer, California.
>
> THE COURT: How's November 7 for trial date?
>
> MR. MONTANO: No good, Judge. I will be realistic with the Court. I was looking at December 12, December 16, either one of those weeks.
>
> THE COURT: I am not even setting cases in November yet. I have got dates available in September. If you do not have dates available consistent with the Court's, I am not going to let you enter.
>
> MR. MONTANO: Judge, it appears every time I come before you on a case it's always a problem getting the setting.
>
> THE COURT: You are always much more busy than I.
>
> MR. MONTANO: I can double set, Judge.
>
> THE COURT: This case will take priority. We will try this case when I have it set. November 7?
>
> MR. MONTANO: I cannot do it on November 7.
>
> THE COURT: May I inquire of Mr. Garcia (Prosecutor), how long is this case going to take?
>
> MR. GARCIA: Two weeks minimum given the way we quickly try our cases. Mr. Montano?
>
> MR. MONTANO: He would have a much better idea because he knows basically the witnesses.
>
> . . . . .
>
> THE COURT: I have October 3, November 7, November 14 open, and November 21, except that this is Thanksgiving week, and I would not have a trial of this consequence on Thanksgiving if there's going to be a sequestered jury. November 28 is available. Strike that. Probably not November 28.
>
> At this time, I am going to vacate my previous orders. I am not going to grant the request of the Defendant for the entry

of Mr. Montano. Mr. CdeBaca will remain as Court-appointed attorney. Trial date of September 6 will remain as set.

MR. MONTANO: I will inform Mr. Cde-Baca of that, Judge.

THE COURT: Thank you.

(Vol. 3, hearing of August 3, 1983, pp. 2–9).

On August 5, 1983, Montano and CdeBaca met with the trial judge. On August 8, 1983, CdeBaca filed a motion with an affidavit of Saenz to the effect that Saenz had lost confidence in CdeBaca and wanted Montano to represent him. The motion was denied.

█ Saenz argues he was denied his right to counsel of his own choosing. Respondents argue such right is not absolute and must be balanced with other rights involved. All recognize the choice of counsel is part of the Sixth Amendment right to counsel during a criminal proceeding. *United States v. Collins,* 920 F.2d 619, 624–25 (10th Cir.1990), *cert. denied,* 500 U.S. 920, 111 S.Ct. 2022, 114 L.Ed.2d 108 (1991).

█ Interference by a court with the selection of counsel is limited by standards of reasonableness. *Id.* Absent predominating factors, substitution of counsel should be permitted when a conflict occurs between counsel and defendant. *See United States v. Reddeck,* 22 F.3d 1504, 1511 (10th Cir.1994). Here, however, the state trial judge did not deny without justification Saenz' right to counsel of his choice. On the contrary, counsel's representations of his unavailability for several possible trial settings during a three month period militated against permitting his entry of appearance.

The record reflects the trial judge's effort to proceed to trial without unreasonable delay. The record also reflects the judge's amenability to other and later settings consistent with available dates on the docket. Neither the world nor a court's calendar come to a halt when an attorney wishes to enter an appearance conditioned upon an accommodation to his unrelated activities.

█ The Colorado Court of Appeals ruled adversely on Saenz' choice of counsel claim on April 15, 1993. It determined his right to choice of counsel was conflicted with his right to a speedy trial because he had not unequivocally agreed to waive speedy trial. Continuing the trial to accommodate Montano's schedule would have violated Saenz' speedy trial right. The Court of Appeals stated Saenz' waiver of speedy trial "appears for the first time in an affidavit attached to the petition filed in the supreme court. And, the record fails to reflect that his request for substitute counsel was renewed in the trial court after defendant unequivocally waived his speedy trial rights." The Court of Appeals found no error occurred in the trial judge's refusal to permit the substitution of counsel. *People v. Saenz,* No. 91CA1267, slip op. at 3–6 (Colo.App. April 15, 1993) (not selected for publication).

The instant petition was referred to a United States Magistrate Judge. He recognized this court is bound by a state court factual determination that a conflict existed between Saenz' right to counsel of his choice and his right to a speedy trial. The Magistrate Judge erroneously opined, however, that no factual determination was involved because no conflict existed. Rather, the Magistrate Judge contended the trial judge simply vacated his order allowing Montano's entry of appearance when a trial date could not be found from September through November 1993.

Moreover, the Magistrate Judge stated, "The state trial judge was requiring at that point a waiver of the right to speedy trial, even though the cutoff was November 18, 1993. No attempt had been made to find an acceptable trial date at that point." As the Colorado Court of Appeals observed, in order to continue the trial past Saenz' speedy trial date of November 18, 1993, the trial judge had to receive an executed waiver of his right to speedy trial. In addition, the trial judge offered trial dates of October 3, November 7 and November 14—right up to the speedy trial cutoff date.

Next, the Magistrate Judge stated, "Counsel requested that the case be set over until August 5, 1993. The request was never ruled on by the state trial judge. Had that occurred, the waiver *probably* would have been signed." (Emphasis added.) The Court of Appeals noted, however, that "with

the consent of the prosecution, defense counsel met with the court in chambers on August 5 in an effort to persuade the court to allow an entry of appearance. No record was made of this discussion. The court entered a written order denying counsel's request." (Respts.' Obj. to Mag.Rec. at 5.) There is no evidence to support the supposition of the Magistrate Judge that "[T]he waiver probably would have been signed."

The Magistrate Judge concluded the actions of the trial judge denied Saenz' Sixth Amendment rights and recommended granting the petition based on this claim. I do not accept this Recommendation for the following reasons.

First, whether a conflict existed between Saenz' right to counsel of his choice and his right to a speedy trial is a factual determination. The state courts determined that a conflict did exist. The trial court's denial of Montano's motion, surfeited as it was with conditions regarding his availability, to enter his appearance did not violate Saenz' Sixth Amendment rights. This determination is entitled to a presumption of correctness. 28 U.S.C. § 2254(d); *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981); *Tapia v. Tansy*, 926 F.2d 1554, 1557 (10th Cir.), *cert. denied*, 502 U.S. 835, 112 S.Ct. 115, 116 L.Ed.2d 84 (1991). The Magistrate Judge had no authority to conduct a *de novo* review and render completely opposite findings unless he found that at least one of the eight enumerated exceptions to § 2254(d) was met. Even then, the Magistrate Judge must explain his reasoning in support of that conclusion. *Burden v. Zant*, 498 U.S. 433, 437, 111 S.Ct. 862, 864, 112 L.Ed.2d 962 (1991); *Sumner v. Mata*, 449 U.S. at 549, 101 S.Ct. at 770.

Second, case law supports the trial court's denial of Saenz' request to substitute counsel due to an alleged conflict. Denial of a defendant's choice of counsel was justified when the new attorney claimed he did not have adequate time to prepare, *Birt v. Montgomery*, 725 F.2d 587, 590–96 (11th Cir.1984), *cert. denied*, 469 U.S. 874, 105 S.Ct. 232, 83 L.Ed.2d 161 (1984), when a chosen attorney became unavailable due to a scheduling conflict, *Sampley v. Attorney General of North Carolina*, 786 F.2d 610, 612–13 (4th Cir. 1986), *cert. denied*, 478 U.S. 1008, 106 S.Ct. 3305, 92 L.Ed.2d 719 (1986), and when a defendant sought to obtain a new attorney immediately before trial. *Urquhart v. Lockhart*, 726 F.2d 1316, 1319 (8th Cir.1984).

The denial of a continuance to accommodate the substitution of defense counsel does not violate a defendant's rights unless the denial is arbitrary or capricious. *Morris v. Slappy*, 461 U.S. 1, 11, 103 S.Ct. 1610, 1616, 75 L.Ed.2d 610 (1983). Our own circuit has held that the right to retain counsel of the defendant's choice is properly denied when it would "obstruct an orderly procedure in courts of justice, and deprive such courts of the exercise of their inherent powers to control the same." *United States v. Collins*, 920 F.2d at 625. Attorneys must adjust their schedules to meet the needs of the courts. The tail does not wag the dog.

## CONCLUSION

The Magistrate Judge's Recommendation is rejected. The petition for writ of habeas corpus is denied.