———————
No. 95-2336
———————

United States of America,          *
                                   *
          Appellee,                *
                                   *   Appeal from the United States
     v.                            *   District Court for the
                                   *   Eastern District of Missouri.
Renardo Peebles,                   *
                                   *          [PUBLISHED]
          Appellant.               *

———————

          Submitted:  March 22, 1996

            Filed:  April 4, 1996
———————

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
———————

PER CURIAM.

     Renardo Peebles challenges the District Court's[1] denial of his motion
to withdraw his guilty plea and his sentence.  We affirm.

     In accordance with a written plea agreement and stipulation of facts,
Peebles pleaded guilty to being a felon in possession of a firearm (Count
I), possessing cocaine base (crack) with intent to distribute (Count II),
and carrying a firearm in relation to a drug trafficking offense (Count
III).  Six months after pleading guilty, and less than two weeks before his
scheduled sentencing, Peebles wrote the District Court, asserting that a
conflict of interest had arisen between him and his counsel.  Peebles
averred that "promises apart from the plea agreement" were not being
honored, and urged the District Court to reject the plea agreement.  The
District

———————

[1]The Honorable Donald J. Stohr, United States District Judge
for the Eastern District of Missouri.

Court granted counsel leave to withdraw, appointed new counsel, and held a hearing on Peebles's subsequently-filed motion to withdraw his guilty plea.

Peebles testified essentially that his counsel had arranged for him to receive a 78-month sentence in return for his guilty plea; Peebles's mother corroborated his testimony. Counsel denied having promised Peebles that he would receive such a sentence. The District Court denied Peebles's motion, concluding that Peebles had failed to establish a fair and just reason for withdrawing his plea, as required by Federal Rule of Civil Procedure 32(e) (formerly Rule 32(d)).

Prior to sentencing, Peebles moved for a downward departure, under U.S.S.G. § 5K2.0, based on the United States Sentencing Commission's February 1995 report concluding that the 100-to-1 ratio between the penalties for crack cocaine and powder cocaine was not justified, and a proposed Guidelines amendment--which would have eliminated the 100-to-1 ratio--forwarded by the Commission to Congress for its consideration. The District Court denied the motion and sentenced Peebles to concurrent sentences of 120 months on Count I and 162 months on Count II, and a consecutive sentence of 60 months on Count III. Peebles appeals.

We conclude the District Court did not abuse its discretion in determining that Peebles failed to establish a fair and just reason for withdrawing his guilty plea. See United States v. Burney, 75 F.3d 442, 444 (8th Cir. 1996) (standard of review); see also United States v. Abdullah, 947 F.2d 306, 311 (8th Cir. 1991) (where defendant does not establish fair and just reason for withdrawing plea, District Court need not examine other factors outlined in United States v. Boone, 869 F.2d 1089, 1091-92 (8th Cir.), cert. denied, 493 U.S. 822 (1989)), cert. denied, 504 U.S. 921 (1992). Where the District Court fully informed a defendant of the rights he was waiving, and the defendant's plea-hearing representations

support the District Court's finding that he knowingly and voluntarily pleaded guilty, "the occasion for setting aside a guilty plea should seldom arise." United States v. Newson, 46 F.3d 730, 732 (8th Cir. 1995) (internal quotation marks omitted).

The District Court was in the best position to assess the credibility of Peebles and his mother, and to resolve any inconsistencies in the testimony. See id. at 733. Moreover, even if Peebles's counsel told him he would receive a 78-month sentence, and Peebles relied on that representation in pleading guilty, the absence of such terms in the plea agreement and stipulation, Peebles's admissions at the change-of-plea hearing, and the District Court's statements to Peebles at the hearing demonstrate Peebles was aware of the possible punishment he faced and that the Guidelines would apply. See Burney, 75 F.3d at 444-45. Furthermore, we agree with the District Court that Peebles's claims of innocence are unavailing, given his admissions to the contrary in the plea agreement and stipulation, and at the change-of-plea hearing. See United States v. Ludwig, 972 F.2d 948, 951 (8th Cir. 1992); United States v. Morrison, 967 F.2d 264, 268 (8th Cir. 1992).

Finally, we conclude Peebles's downward-departure argument is foreclosed by this court's decision in United States v. Higgs, 72 F.3d 69, 70 (8th Cir. 1995) (per curiam), and his equal protection and due process challenge to the punishment scheme of 21 U.S.C. § 841(b) is without merit, see United States v. Jackson, 67 F.3d 1359, 1367 (8th Cir. 1995), petition for cert. filed, (U.S. Jan. 9, 1996) (No. 95-7436); United States v. Delaney, 52 F.3d 182, 189 (8th Cir.), cert. denied, 116 S. Ct. 209 (1995).

Accordingly, the judgment of the District Court is affirmed.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.