United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 96-3093
_____

United States of America,      *
                               *
          Appellee,            *
                               *
     v.                        *     Appeal from the United
                               *     States District Court for
Roosevelt D. Vallery,          *     the Western District of
                               *     Missouri.
          Appellant.           *

_____

Submitted:   January 14, 1997

Filed:   February 24, 1997
_____

Before RICHARD S. ARNOLD, Chief Judge, BEAM, Circuit Judge, and
ALSOP,[1] District Judge.
_____

ALSOP, District Judge.

     Roosevelt D. Vallery appeals the district court's[2] denial of
his motion to withdraw his guilty plea.  Because this Court is
convinced the district court did not abuse its discretion in
denying Vallery's motion, we affirm.

_____

     [1]The Honorable Donald D. Alsop, United States District Judge
for the District of Minnesota, sitting by designation.

     [2]The Honorable D. Brook Bartlett, Chief United States District
Judge for the Western District of Missouri.

On January 3, 1995, Appellant Roosevelt D. Vallery was named in a two count indictment charging possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Count I) and use of a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) (Count II).  Vallery pleaded not-guilty to both offenses.

After several continuances, a substitution of counsel at Vallery's request, and a court-ordered mental examination of Vallery, the district court, Senior Judge Elmo B. Hunter presiding, scheduled the case for trial on December 4, 1995.  On November 22, 1995 and December 1, 1995, Vallery brought motions to have yet another new attorney appointed.  Vallery claimed his appointed attorney failed to adequately represent him.  The district court denied both motions.

On the day of trial, Vallery asked the district court to allow him to retain his own counsel.  The district court refused this new request, and indicated that the trial would go forward as planned. Following *voir dire*, and pursuant to a plea agreement, Vallery changed his plea to Count I, possession with intent to distribute cocaine base, and to Count II, use of a firearm in relation to a drug trafficking offense, to guilty.[3]

On April 12, 1996, Vallery filed a Rule 32(d) motion to

---

[3]The court subsequently dismissed Count II, use of a firearm in relation to a drug trafficking offense, based on the Supreme Court's decision in United States v. Bailey,116 S.Ct. 501 (1995).

withdraw his guilty plea to Count I. Vallery argued that the court's refusal to allow him to retain counsel on the day of trial violated his right to counsel, and therefore created a fair and just reason to withdraw his guilty plea. The district court denied Vallery's motion. The court then sentenced Vallery to 360 months incarceration. This direct appeal followed.

Rule 32(d) of the Federal Rules of Criminal Procedure allows withdrawal of a guilty plea before sentencing "upon a showing by the defendant of any fair and just reason." To determine whether the defendant has met that standard, a court may look at such factors as:

> (1) whether defendant established a fair and just reason to withdraw his plea; (2) whether defendant asserts his legal innocence of the charge; (3) the length of time between the guilty plea and the motion to withdraw; and (4) if the defendants established a fair and just reason for withdrawal, whether the government would be prejudiced.

See, e.g., United States v. Boone, 869 F.2d 1089, 1091-92 (8th Cir. 1989), *cert. denied,* 493 U.S. 822, 110 S.Ct. 81, 107 L.Ed.2d 47 (1989). The Court of Appeals will not reverse a district court's denial of a motion to withdraw a guilty plea unless it finds the district court abused its discretion. See United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992), *cert. denied*, 508 U.S. 952, 113 S.Ct. 2447, 124 L.Ed.2d 664 (1993).

Vallery claims the district court erred by denying his motion

to withdraw his guilty plea because his motion was supported by a "fair and just reason" and meets the other criteria for granting such a motion. The fair and just reason asserted by Vallery is that he was forced to plead guilty to avoid going to trial with counsel he did not believe would zealously represent his interests after the District Court violated his right to choice of counsel.

A trial court has broad discretion in determining whether to grant a continuance or a request for substitution of counsel, particularly when the issue is raised close to the date of trial. See, e.g., United States v. Issaghoolian, 42 F.3d 1175, 1177-78 (8th Cir. 1994); United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988), cert denied, 487 U.S. 1211, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988); United States v. Lankford, 573 F.2d 1051, 1054 (8th Cir.1978). "Only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to assistance of counsel." Urquhart v. Lockhart, 726 F.2d 1316, 1319 (8th Cir. 1984). Similarly, while an accused who is financially able to retain counsel of his own choosing must not be deprived of a reasonable opportunity to do so, the right to retain counsel of one's choice is not absolute. See Urquhart, 726 F.2d at 1319. The right to choice of counsel must not obstruct orderly judicial procedure or deprive courts of their inherent power to control the administration of justice. See United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988). If a defendant's "attempted exercise of his choice is dilatory, the trial court can require him to proceed with designated counsel." United States v. Reeves, 674 F.2d 739, 748 (8th Cir. 1982).

This Court has held on facts strikingly similar to these that a defendant is not always entitled to a continuance for the purpose of retaining new counsel.  In United States v. Lankford, 573 F.2d 1051 (8th Cir. 1978), the defendants moved for a continuance on the day of trial for the purpose of hiring new counsel.  This Court ruled that the District Court had not abused its discretion by refusing to grant the defendants' motion.  Id. at 1054.

Similarly, in Urquhart v. Lockhart, 726 F.2d 1316 (8th Cir. 1984), the defendant claimed he was denied effective assistance of counsel when the trial court denied his motion for a continuance. The defendant claimed that his mother was willing to pay for retained counsel.  Id. at 1319.  However, the defendant had over two and one half months to retain counsel between the date of his arrest and the time of trial, and had moved for the continuance on the day of trial.  Id.  This Court found based on the circumstances that the trial court had not violated the right to counsel by denying the motion for a continuance.  Id.

Finally, in United States v. Reeves, 674 F.2d 739 (8th Cir. 1982), the defendants brought a motion for a continuance the day before trial.  The trial court denied the motion for a continuance. Id. at 748.  Once again, this Court ruled that the District Court's denial of the motion was not an abuse of discretion and specifically found that "the district court was in a good position to weigh the need for a change in counsel and the inconvenience to the litigants, the witnesses, other counsel and the court arising from the belated request for a continuance."  Id.

Here, the district court clearly did not violate Vallery's right to counsel.  Therefore, Vallery can not show a "fair and just reason" to support his motion to withdraw his guilty plea.

The other factors a court may look at when determining whether to grant a motion to withdraw a guilty plea also weigh against Vallery.  First, nowhere does Vallery assert legal innocence.  In addition, over four months had passed between Vallery's guilty plea and his motion to withdraw his guilty plea.  Although these facts are not necessary to decide whether Vallery can show a "fair and just reason" for his motion to withdraw, they support the District Court's decision to deny Vallery's motion.  Vallery has failed to meet the standard for granting a motion to withdraw a guilty plea articulated in Rule 32(d). Accordingly, the District Court's order is AFFIRMED.

A true copy.

Attest:

    CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

6