**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 28 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

————————————————

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

GUILLERMO ZAMBRANO-SANCHEZ,

    Defendant-Appellant.

No. 98-3227
(D. Kan.)
(D.Ct. No. 97-CR-20067-01-EEO)

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BALTAZAR ZAMBRANO-ZOMORA,

    Defendant-Appellant.

No. 98-3283
(D. Kan.)
(D.Ct. No. 97-CR-20067-EEO)

————————————————

**ORDER AND JUDGMENT**[*]

————————————————

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

————————————————

After examining the briefs and appellate record, this panel has determined

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Baltazar Zambrano-Zomora appeals his conviction for conspiracy to possess with intent to distribute methamphetamine following the district court's denial of his motion to withdraw his guilty plea. In a related appeal concerning the same alleged conspiracy, Appellant Guillermo Zambrano-Sanchez contests the extent of the district court's downward departure in calculating his sentence after pleading guilty to possession with intent to distribute a substance containing a detectable quantity of methamphetamine. We exercise our jurisdiction to consolidate these appeals, and affirm.

### I. Mr. Zambrano-Zomora: Appeal No. 98-3283

Mr. Zambrano-Zomora was indicted for conspiracy to possess with intent to distribute more than one kilogram of methamphetamine in violation of 21 U.S.C. §§ 841 and 846. Two days prior to his May 4, 1998 trial, Mr. Zambrano-Zomora advised the government he wished to enter a plea of guilty. In his petition to enter a plea of guilty, Mr. Zambrano-Zomora described his involvement in the offense, stating: "[I]n November, 1997, I participated in a conspiracy with others

named in this Indictment to possess and distribute methamphetamine, in a quantity of more than 1 kilogram." During the plea hearing, Mr. Zambrano-Zomora stated his desire to withdraw his previous plea of not guilty and enter a guilty plea, but disagreed with the government's recitation of the facts as to his involvement with the other conspirators. After his attorney requested and received a recess to confer with his client, Mr. Zambrano-Zomora returned and completed the plea colloquy, admitting he did what the plea agreement stated.

At his July 20, 1998 sentencing, Mr. Zambrano-Zomora advised the court he wanted a new attorney. The district court appointed new counsel and granted a continuance for the purpose of allowing Mr. Zambrano-Zomora to file motions. Several days later, Mr. Zambrano-Zomora filed a motion to withdraw his guilty plea.

The district court subsequently held a hearing on the motion to withdraw, at which Mr. Zambrano-Zomora testified he told the district court at his plea hearing he did not participate in the conspiracy, but that during the recess, his attorney told him if he disagreed with the government's recitation of the facts, he could not plead guilty and receive the five to six and a half year sentence. He further stated his attorney told him he "could not go to trial" because people would

-3-

testify against him and he might lose his case.  During the hearing colloquy, Mr. Zambrano-Zomora admitted he lied to government agents as to whether he knew several of the other conspirators.

Mr. Zambrano-Zomora's former attorney, Mr. Gyllenborg, also testified at the hearing, stating an interpreter translated the guilty plea petition into Spanish for Mr. Zambrano-Zomora, and Mr. Zambrano-Zomora admitted he wanted to plead guilty to his participation in the conspiracy.  Mr. Gyllenborg testified he had no doubt in his mind Mr. Zambrano-Zomora understood the terms of the plea agreement and the facts to which he pled guilty, and that he never coerced or threatened Mr. Zambrano-Zomora into entering the plea.  He also explained that during the recess of the plea hearing, Mr. Zambrano-Zomora initially objected to the government's statement he participated in the full length of the conspiracy, but after explaining to Mr. Zambrano-Zomora that the government only linked him to the final two months of the conspiracy, Mr. Zambrano-Zomora seemed satisfied and reiterated his desire to enter a guilty plea.  In addition, Mr. Gyllenborg stated he advised Mr. Zambrano-Zomora of the maximum and minimum sentence of life to ten years, but did not know why Mr. Zambrano-Zomora thought his sentence would range between only five to six and a half years, other than an earlier discussion they had about the possibility of a departure under United States

Sentencing Guideline 5K1.1 if he cooperated with the government.

Following the hearing, the district court entered a Memorandum and Order denying Mr. Zambrano-Zomora's motion to withdraw his guilty plea, finding he knowingly and intelligently entered his plea and that he failed to demonstrate a "fair and just reason" for withdrawal of his guilty plea. The district court rejected Mr. Zambrano-Zomora's argument that his mistaken belief that he would receive a five to six and a half year sentence should negate his plea. The court based this decision on Mr. Gyllenborg's unequivocal testimony that he did not advise Mr. Zambrano-Zomora he would receive a five to six and a half year sentence, Mr. Zambrano-Zomora's lack of credibility based on his admission he initially lied to federal agents, and the fact that the district court informed Mr. Zambrano-Zomora during the plea hearing that his sentence could range from ten years to life. The district court also determined Mr. Zambrano-Zomora failed to rebut the presumption of the veracity of his declaration of guilt in open court during his plea hearing, especially in light of Mr. Gyllenborg's clear and credible testimony that he did not coerce or threatened him to plead guilty. Finally, the district court found withdrawal of the plea would prejudice the government, inconvenience the court, and waste judicial resources. Mr. Zambrano-Zomora was ultimately sentenced to 151 months in prison.

On appeal, Mr. Zambrano-Zomora asserts the district court abused its discretion by not allowing him to withdraw his guilty plea. He argues he asserted his innocence at his plea hearing and only agreed to plead guilty because he thought he would receive a five to six and a half year sentence. For the same reason, he claims his plea was not knowing and voluntary. He also claims his motion to withdraw his plea and proceed to trial caused the government no prejudice, would result in no unreasonable delay, and would cause no inconvenience to the court. Moreover, he asserts the interests of justice outweigh any waste of judicial resources.

Under Fed. R. Crim. P. 32(e), "[i]f a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." We review the denial of such a motion for an abuse of discretion, and we will not reverse unless Mr. Zambrano-Zomora can show the district court acted unjustly or unfairly. *United States v. Gordon*, 4 F.3d 1567, 1572-73 (10th Cir. 1993), *cert. denied*, 510 U.S. 1184 (1994). In determining if Mr. Zambrano-Zomora has shown "fair and just reason" for allowing withdrawal of a guilty plea, we must consider several factors, including: (1) whether Mr. Zambrano-Zomora asserted his innocence; (2) prejudice to the government if his motion is granted; (3)

-6-

whether he delayed filing the motion; (4) inconvenience to the court if his motion is granted; (5) the assistance of counsel during the plea; (6) whether his plea was knowing and voluntary; and (7) the waste of judicial resources. *Gordon*, 4 F.3d at 1572.

We find Mr. Zambrano-Zomora's claims that his motion to withdraw his guilty plea would cause no prejudice to the government, undue delay, or inconvenience to the court are unpersuasive. The record shows Mr. Zambrano-Zomora waited until only two days before his trial to change his plea to guilty. The government and defense counsel were ready May 4, 1998 to commence the trial; jury members waited while the government ensured the conspiracy members, including Mr. Zambrano-Zomora, entered their guilty pleas; and numerous witnesses were subpoenaed and prepared to testify. Mr. Zambrano-Zomora then waited two months until the morning of his sentencing before asking for a continuance, and several days later finally filed his motion to withdraw his plea. This chain of events evidences at least some prejudice to the government, inconvenience to the court, and waste of judicial resources.

In addition, a review of the record, including the transcript of Mr. Zambrano-Zomora's plea hearing, his petition to enter a plea of guilty, and his

plea agreement, convinces us that his plea was knowing and intelligent. Giving great deference to the district court's firsthand review of the testimony and its credibility determination, *see United States v. Gobey*, 12 F.3d 964, 967 (10th Cir. 1993), we agree that Mr. Gyllenborg did not coerce a guilty plea through his advice prior to and during the plea hearing. Even if Mr. Gyllenborg incorrectly estimated the sentence at five to six and one half years, his erroneous estimation is insufficient for Mr. Zambrano-Zomora to withdraw his guilty plea. The record shows Mr. Zambrano-Zomora was well aware of the range of his sentence after the district court advised him of the maximum and minimum sentence for the crime charged prior to his plea. *See United States v. Peebles*, 80 F.3d 278, 279 (8th Cir. 1996). Although Mr. Zambrano-Zomora believes his sentence should be five to six and one half years, "dissatisfaction with the length of a sentence is an insufficient reason to withdraw a plea." *Gordon*, 4 F.3d at 1573. For these reasons, we concluded the district court did not act unjustly or unfairly in denying Mr. Zambrano-Zomora's motion to withdraw his plea.

## II.  Mr. Guillermo Zambrano-Sanchez:  Appeal No. 98-3227

In the other consolidated appeal concerning the same conspiracy, Mr. Zambrano-Sanchez challenges his 108-month sentence imposed after he pled guilty to possession with intent to distribute a substance containing a detectable

quantity of methamphetamine in violation of 21 U.S.C. § 841(a)(1).  Mr.

Zambrano-Sanchez, through his attorney's *Anders*' brief,[1] disputes the extent of

the district court's downward departure under U.S.S.G. § 5K1.1.  He claims the

district court did not go far enough in departing downward two levels from the

applicable guideline sentencing range of 135 to 168 months.

Mr. Zambrano-Sanchez provided assistance to the government by talking

with its agents and agreeing to testify concerning a phone call made from a motel

room shortly before his arrest December 1, 1997.  This testimony was extremely

helpful in the case against one of the co-defendants and may have influenced the

remaining co-defendants to plead guilty, thereby eliminating the need for a

lengthy and complicated trial.  As a result, the government moved for a downward

departure of two levels, which the district court granted.

A district court may depart from the Sentencing Guidelines on a motion by

the government stating the defendant "provided substantial assistance in the

---

[1] *See Anders v. California*, 386 U.S. 738, 744 (1967) (requiring counsel who finds an appeal to be wholly frivolous, to advise the court, request permission to withdraw, and provide an accompanying brief referring to anything in the record that might arguably support the appeal).  Accordingly, Mr. Zambrano-Sanchez' attorney filed a motion to withdraw after determining this appeal is frivolous and filing the appeal brief.  (Motion to Withdraw dated 2/18/99.)  We grant counsel's motion to withdraw.

investigation or prosecution of another person who has committed an offense."

U.S.S.G. § 5K1.1. It is well established that we lack jurisdiction to review the

district court's discretionary decision to grant a downward departure under

U.S.S.G. § 5K1.1. This principle applies equally to the extent of that departure.

*See United States v. McHenry*, 968 F.2d 1047, 1049 (10th Cir. 1992). Thus, we

lack jurisdiction to review Mr. Zambrano-Sanchez's claim concerning the extent

of the district court's departure.

For these reasons, we **AFFIRM** the conviction and sentence in both

appeals.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge
