# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4202

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff - Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Minnesota. |
| James Edward Storholm, | * |
| | * [UNPUBLISHED] |
| Defendant - Appellant. | * |

_____

Submitted: June 12, 2007
Filed: June 20, 2007

_____

Before BYE, RILEY, and BENTON, Circuit Judges.

_____

PER CURIAM.

On February 2, 2006, James Edward Storholm pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). On November 20, 2006, the day he was scheduled to be sentenced, Mr. Storholm moved to withdraw his guilty plea. He appeals the district court's[1] denial of this motion. We affirm.

_____

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

A district court's denial of a motion to withdraw a guilty plea is reviewed for an abuse of discretion. United States v. Ramirez-Hernandez, 449 F.3d 824, 826 (8th Cir. 2006). Although a district court may allow a defendant to withdraw his guilty plea if he shows a "fair and just reason," Fed. R. Crim. P. 11(d)(2)(B), a guilty plea should not "be set aside lightly," United States v. Prior, 107 F.3d 654, 657 (8th Cir. 1997). "Even if such a fair and just reason exists, before granting the motion a court must consider 'whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion.'" Ramirez-Hernandez, 449 F.3d at 826 (quoting United States v. Nichols, 986 F.2d 1199, 1201 (8th Cir. 1993)). "Where the court sees no fair and just reason to permit withdrawal, however, these additional matters need not be considered." Id.

Storholm contends the district court should have allowed him to withdraw his guilty plea because he is innocent and pleaded guilty only because he feared a lengthy mandatory minimum sentence for a child pornography production count[2] which the government dropped in exchange for his guilty plea. He specifically did not allege his plea was "ill advised, coerced or unknowing," but rather claimed he had "decided that pleading guilty was the wrong thing to do" because he is innocent.

We have held "[a]n assertion of innocence—even a 'swift change of heart after the plea'—does not constitute a 'fair and just reason' to grant withdrawal." United States v. Morrison, 967 F.2d 264, 268 (8th Cir. 1992) (quoting United States v. Devins, 646 F.2d 336, 337 (8th Cir. 1981)). Such claims of innocence carry little weight in the face of contrary testimony under oath at a change of plea hearing. United States v. Peebles, 80 F.3d 278, 279 (8th Cir. 1996) (per curiam) ("Furthermore, we agree with the District Court that Peebles's claims of innocence are unavailing, given

_____

[2]Storholm was, in addition to the child pornography possession charge, initially charged with one count of production of child pornography in violation of 18 U.S.C. § 2251(a) and (e), which carries a mandatory 25-year sentence.

his admissions to the contrary in the plea agreement and stipulation, and at the change-of-plea hearing."). Storholm testified at his change of plea hearing that he was guilty of possession of child pornography. He admitted: "I had in my possession, Your Honor, um, pornography that depicted younger girls, probably down to the age of 10, 12." He specifically admitted possessing five or six such pictures in May 2005. He confirmed he understood the consequences of his plea. He told the court he signed the plea agreement of his own free will and that he was pleading guilty because he was, in fact, guilty of the offense. Then, at his sentencing hearing, Storholm again admitted he possessed the photographs. In the face of these unequivocal statements of guilt, we cannot find the district court abused its discretion in denying the motion to withdraw. Finally, that nine months passed before Storholm moved to withdraw his plea further supports the district court's denial of his motion to withdraw. See United States v. Vallery, 108 F.3d 155, 158 (8th Cir. 1997) (holding the fact that over four months passed between the defendant's guilty plea and his motion to withdraw his guilty plea supported the district court's decision to deny the motion). As such, we hold the district court did not abuse its discretion.

For the foregoing reasons, we affirm the district court.

_____