# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2985

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Larry Jones, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 9, 2011
Filed: June 30, 2011

_____

Before MURPHY, BEAM, and COLLOTON, Circuit Judges.

_____

BEAM, Circuit Judge.

Larry Jones pled guilty to two counts of armed robbery in violation of 18 U.S.C. § 2113(a) and (d) and the district court sentenced him to 200 months' imprisonment. Jones appeals, claiming the district court[1] erred at sentencing by denying his request for a continuance. We affirm.

_____

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

## I.    BACKGROUND

In November 2008, a grand jury issued an indictment against Larry Jones, charging him with two counts of armed robbery and two counts of brandishing a firearm during a crime of violence. In April 2010, Jones pled guilty to two counts of armed robbery in violation of 18 U.S.C. § 2113(a) and (d). The matter was then scheduled for sentencing. In preparation for sentencing, Jones issued a subpoena for Reverend Robinson, whom Jones wanted to have testify on his behalf. However, Jones was unable to make contact with Reverend Robinson until, apparently, the morning of Jones's sentencing hearing. At that time, Jones discovered the reverend had not received the subpoena and was unavailable to testify that day. At the hearing, Jones requested a two-week continuance in order to accommodate this witness.

The government indicated to the district court that it did not object to Jones's request and further stated that, instead of having the reverend testify, it would also stipulate that Reverend Robinson would testify to certain things on Jones's behalf. Jones maintained his position that it would be best to have the reverend personally testify. At all times during the sentencing hearing, the district court referred to the reverend as a "character witness," and noted that such testimony would involve "character evidence–not evidence, but character statements," which the district court was not required to allow. The district court denied Jones's request. Jones appeals.

## II.    DISCUSSION

District courts have broad discretion when ruling on requests for continuances. "'Continuances generally are not favored and should be granted only when the party requesting one has shown a compelling reason. We will reverse a district court's decision to deny a motion for a continuance only if the court abused its discretion and the moving party was prejudiced by the denial.'" United States v. Lakoskey, 462 F.3d

965, 980 (8th Cir. 2006) (quoting United States v. Cotroneo, 89 F.3d 510, 514 (8th Cir. 1996)).  There was no abuse of discretion here.

Jones claims that Federal Rule of Criminal Procedure 32(i)(4)(A)(ii) ensures his right to present evidence on his behalf at sentencing.  Fed. R. Crim. P. 32(i)(4)(A)(ii) ("Before imposing sentence, the court must . . . permit the defendant to speak or present any information to mitigate the sentence.").  He claims that his character was, in fact, the central issue at sentencing and thus the reverend's testimony would have been highly relevant.  He further claims that he had a constitutional right to have this character witness testify.  He bolsters this argument with citation to case law supporting the proposition that few rights are more fundamental than that of an accused to present witnesses in his own defense.  See Webb v. Texas, 409 U.S. 95, 98 (1972) (discussing the fundamental rights of a defendant at trial); Washington v. Texas, 388 U.S. 14, 19 (1967) (same).

Both of Jones's arguments fail.  First, Jones fails to provide any authority for his argument that he has a constitutional right to present character evidence in mitigation at sentencing.  We presume that the "constitutional violation" to which Jones refers is a due process violation, although it is not clear from his brief.  If so, "[a] due process violation [at sentencing] is established only if the defendant shows that the district court relied on materially false information and that the information is demonstrably the basis for the challenged sentence." United States v. Carr, 66 F.3d 981, 983 (8th Cir. 1995).  There was no due process violation here.

Additionally, Jones fails to establish that the court denied him the opportunity to speak or present any information to mitigate his sentence.  A district court "has wide discretion at sentencing as to the kind of information considered or its source." United States v. Atkins, 250 F.3d 1203, 1212 (8th Cir. 2001).  That the court did not allow one witness to testify in support of Jones's character is of no consequence in these proceedings.  The court allowed Jones to present evidence and make a statement

in mitigation. The court also heard a summarization, albeit brief, of the testimony that Reverend Robinson might have provided on Jones's behalf, which the court considered. In doing so, the court fully complied with the requirements of Rule 32(i).

Not only has Jones failed to persuade us that the district court abused its discretion by denying his request for a continuance, he also fails to establish that this denial resulted in prejudice. Jones admits that it is "pure speculation" that the court would have sentenced him to a lesser sentence if Reverend Robinson had testified, which falls short of establishing prejudice. And, we note that the district court painstakingly pointed out at sentencing that, in fact, it did *not* believe that Jones was a "rotten person" and that the court believed that it was not a character flaw that led Jones to criminal activity, but rather that Jones had "other problems that need[ed] to be dealt with." This belies any argument that Reverend Robinson's testimony regarding Jones's character would have been the game-changer in this case. Accordingly, we find no prejudice.

## III. CONCLUSION

For the reasons stated herein, we affirm.

_____