# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3728
_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Lamont Bradshaw

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Pierre
_____

Submitted: December 13, 2019
Filed: April 7, 2020
_____

Before LOKEN, GRASZ, and STRAS, Circuit Judges.
_____

GRASZ, Circuit Judge.

Christopher Bradshaw was charged with conspiracy to distribute a controlled substance, and possession with intent to distribute a controlled substance. Shortly before trial, Bradshaw moved for a continuance of the upcoming trial. The district

court[1] denied the motion.  After a jury trial, Bradshaw was convicted and the district court sentenced him to prison.  Bradshaw appeals his conviction, arguing the denial of his motion for a continuance was erroneous and that there was insufficient evidence to support the guilty verdict.  We affirm.

## I.  Background

In April 2017, the Rosebud Sioux Tribe Law Enforcement Services arranged a controlled buy of methamphetamine between a confidential informant and Antonio Foster.  Foster arrived at this controlled buy as a passenger in a red, four-door Volkswagen with tinted windows and no front license plate.  The confidential informant bought methamphetamine from Foster.  When officers later searched the area for the red Volkswagen, it was found parked at the home of Michael Millard.

Law enforcement executed a warrant to search the residence and vehicles for drugs.  When officers arrived, the red Volkswagen was in the driveway with two males inside.  As officers approached, the vehicle drove into a pasture behind the home, running over a fence in the process.  The two men eventually exited the red Volkswagen and fled on foot. Officers eventually apprehended Foster and Bradshaw, and determined Bradshaw was the driver.  As the officers soon discovered, Foster had $5,285 on him, the Volkswagen glove box and console contained another $97, and a black sock Foster threw into the pasture during the chase contained 89.15 grams of powder containing methamphetamine.

The government filed an indictment, relevantly charging Bradshaw with (1) Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B); and (2) Possession with Intent to Distribute a Controlled

---

[1]The Honorable Roberto A. Lange, United States District Judge for the District of South Dakota.

Substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). In January 2018, Bradshaw was appointed counsel pursuant to the Criminal Justice Act. Bradshaw requested, and was granted, three continuances. Eventually, the district court set trial for September 18, 2018. The district court had to rearrange its docket to accommodate this trial date since Bradshaw declined to waive his speedy trial rights.

Apparently unbeknownst to Bradshaw's appointed counsel, Bradshaw retained private counsel, Nicole Carper, who entered her appearance less than a week before trial was to begin. The next day, Carper filed a fourth motion for continuance of the trial date — this time for a period of ninety days. The district court denied the motion but clarified Carper could assist appointed counsel at trial. After trial, the jury convicted Bradshaw of conspiracy to distribute a controlled substance and possession with intent to distribute.

## II. Analysis

Bradshaw makes two arguments on appeal. First, he argues the district court violated his Sixth Amendment right to counsel of choice by denying the motion to continue the trial and to substitute counsel. Second, Bradshaw argues there was insufficient evidence to sustain the two counts of conviction.

### A. Motion for Continuance

Under the Sixth Amendment, a defendant has the right to be represented by a qualified attorney of his or her choice. *United States v. Jones*, 662 F.3d 1018, 1024 (8th Cir. 2011). This right is not absolute, however. *Id.* Exercise of this right to choose counsel "must not obstruct orderly judicial procedure or deprive courts of their inherent power to control the administration of justice." *Id.* (quoting *United States v. Vallery*, 108 F.3d 155,157 (8th Cir. 1997)). As such, we review a district court's "denial of a request for a continuance in order to substitute counsel for an

-3-

abuse of discretion." *Id.* (quoting *United States v. Cordy*, 560 F.3d 808, 815 (8th Cir. 2009)).

When a request to substitute counsel is made "shortly before trial," the discretion of the district court "is at its zenith." *Id.* (quoting *Cordy*, 560 F.3d at 817). In exercising this discretion, "only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Morris v. Slappy*, 461 U.S. 1, 11–12 (1983) (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)). In order to "balance the defendant's right to be represented by the counsel of his choice against the court's interest in the orderly administration of justice" and come to a reasoned decision, a district court should consider the following factors when deciding whether to grant a continuance to substitute counsel:

> (1) the nature of the case and whether the parties have been allowed adequate timing for trial preparation; (2) the diligence of the party requesting the continuance; (3) the conduct of the opposing party and whether a lack of cooperation has contributed to the need for a continuance; (4) the effect of the continuance and whether a delay will seriously disadvantage either party; and (5) the asserted need for the continuance, with weight to be given to sudden exigencies and unforeseen circumstances.

*Jones*, 662 F.3d at 1024 (quoting *Cordy*, 560 F.3d at 815–16).

The district court did not abuse its discretion in denying Bradshaw's motion for a continuance. We begin by noting the district court did not forbid Bradshaw's retained counsel to participate in the case alongside appointed counsel. There is no evidence the two attorneys could not work together or had conflicting views of the proper defense. Thus, in a strict sense, the district court did not prevent Bradshaw from having the counsel of his choice participate in his defense.

-4-

But even putting this aside, the factors outlined in *Jones* reveal no abuse of discretion. First, an adequate time was afforded for trial preparation. Bradshaw's capable, court-appointed counsel had been preparing for trial for over seven months. In fact, the amount of time Bradshaw's counsel had to prepare was extended by the court on three prior occasions when it granted Bradshaw's motions for continuances. Second, there is no evidence the government was uncooperative or that its conduct prompted Bradshaw's need for a continuance. Finally, there is no evidence Bradshaw's appointed counsel was inadequately representing Bradshaw, that a conflict of interest had recently come to light, or that there was an irreconcilable conflict between them. As such, there was no evidence of a sudden exigency or unforeseen circumstances which would weigh in favor of continuing the trial. All of these factors support the conclusion that the district court did not abuse its discretion in denying Bradshaw's motion.

Most importantly, perhaps, the last-minute nature of Bradshaw's motion, without some compelling justification, undermines the court's interest in the orderly administration of justice. The district court had already granted three continuances at Bradshaw's request. The district court then expended significant efforts to accommodate Bradshaw's demand for a speedy trial. It expedited a motion to suppress, it resolved pretrial motions, and it subpoenaed witnesses — including witnesses in the Bureau of Prison's custody who had been transported — in preparation for Bradshaw's trial. Given the circumstances, along with the fact that the court's discretion was at its "zenith" as it was days before trial, we conclude the district court did not abuse its discretion in denying Bradshaw's motion for a continuance.

## B. Sufficiency of Evidence

Bradshaw challenges the sufficiency of the evidence to support the two counts of his conviction. "In reviewing the denial of a motion for a judgment of acquittal, we review the sufficiency of the evidence *de novo*." *United States v. Parker*, 871 F.3d 590, 600 (8th Cir. 2017) (quoting *United States v. Thunder*, 745 F.3d 870, 874 (8th Cir. 2014)). For purposes of this review, we must "view[] the evidence in the light most favorable to the guilty verdict, resolving all evidentiary conflicts in favor of the government, and accepting all reasonable inferences supported by the evidence." *United States v. Petroske*, 928 F.3d 767, 773 (8th Cir. 2019) (quoting *United States v. Samuels*, 611 F.3d 914, 917 (8th Cir. 2010)). "A jury verdict will not lightly be overturned" and we will affirm if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Samuels*, 611 F.3d at 917 and *United States v. Lohse*, 797 F.3d 515, 520 (8th Cir. 2015)).

### 1. Conspiracy to Distribute a Controlled Substance

"To convict an individual of conspiracy to distribute a controlled substance under 21 U.S.C. § 846, 'the Government must prove (1) a conspiracy to distribute methamphetamine existed; (2) the defendant knew about the conspiracy; and (3) the defendant knowingly become a part of the conspiracy.'" *United States v. Morales*, 813 F.3d 1058, 1065 (8th Cir. 2016) (quoting *United States v. Garcia*, 646 F.3d 1061, 1066 (8th Cir. 2011)). "[E]ven individuals with limited roles in a conspiracy are considered principals under federal law, 18 U.S.C. § 2, and the government does not need to show a conspirator knew everything about a planned crime." *Id.*

Bradshaw argues the testimony presented at trial does not prove he knowingly entered into a conspiracy because the evidence came from unreliable witnesses and was based on speculation and conjecture. However, it is not this court's role to

"weigh the evidence or the credibility of the witnesses." *United States v. Harlan*, 815 F.3d 1100, 1106 (8th Cir. 2016) (quoting *United States v. Honarvar*, 477 F.3d 999, 1000 (8th Cir. 2007)). Instead, "we must resolve credibility issues in favor of the verdict." *Id.* (quoting *United States v. Spears*, 454 F.3d 830, 832 (8th Cir. 2006)).

Viewing the evidence presented at trial in this light, there was sufficient evidence for a rational jury to find, beyond a reasonable doubt, that Bradshaw knew about and actively participated in a conspiracy to distribute methamphetamine. A confidential informant testified that Bradshaw and Foster were known to drive to methamphetamine deals together in a red, four-door Volkswagen registered to Bradshaw's girlfriend. When the informant participated in a controlled buy and purchased methamphetamine from Foster, the informant saw Foster arrive in the red Volkswagen. Based on the evidence presented, a jury could have reasonably inferred that Bradshaw was driving the vehicle.

Then, when police were executing the search warrant, Bradshaw fled in the red Volkswagen with Foster in the passenger seat. When the men were finally apprehended, police recovered over $5,000 from Foster's person, and approximately 89 grams of methamphetamine from a black sock found in the vicinity where Foster had been running. Bradshaw's decision to flee law enforcement provided evidence from which the jury could reasonably infer his consciousness of guilt and his knowledge of the drugs. *See United States v. Johnson*, 470 F.3d 1234, 1237–38 (8th Cir. 2006). Additionally, the large amount of methamphetamine and money recovered allowed the jury to reasonably infer Bradshaw and Foster were conspiring to distribute drugs. *See id.* (explaining the presence of a large quantity of money may reasonably support the conclusion a drug deal occurred).

Finally, there was also testimony from two other eyewitnesses who saw Bradshaw when they purchased methamphetamine from Foster. One of these witnesses testified that Bradshaw drove Foster to the drug deal in the red

Volkswagen. When the witness gave Foster money for the drugs, Foster and Bradshaw left in the Volkswagen and returned together, at which point Foster gave him the drugs. Viewing this testimony in its totality and in light most favorable to the verdict, there was sufficient evidence for a rational jury to conclude Bradshaw knew about and knowingly became a part of a conspiracy to distribute methamphetamine.

### 2. Possession with Intent to Distribute a Controlled Substance

"To convict an individual of possession with intent to distribute a controlled substance under 21 U.S.C. § 841(a)(1), 'the government has the burden of proving beyond a reasonable doubt that [the defendant] both knowingly possessed and intended to distribute drugs.'" *Morales*, 813 F.3d at 1066 (quoting *United States v. Parker*, 587 F.3d 871, 881 (8th Cir. 2009)). "[I]ntent to distribute 'may be inferred from circumstantial evidence such as a large sum of cash, and a quantity of a controlled substance.'" *United States v. Johnson*, 977 F.2d 457, 458 (8th Cir. 1992) (quoting *United States v. Knox*, 888 F.2d 585, 588 (8th Cir. 1989)).

Bradshaw argues there was insufficient evidence because there was no evidence *he* was ever in physical possession of a controlled substance. Instead, the drugs at issue were found in a sock in Foster's vicinity. But the jury was instructed it could convict Bradshaw of possession with intent to distribute if he aided and abetted Foster in his possession-with-intent crime. *See United States v. McKnight*, 799 F.2d 443, 445 (8th Cir. 1986) ("It is well established . . . that a defendant may be convicted of aiding and abetting under section 2 even though he may not have been formally charged in that capacity.").

In order to show Bradshaw aided and abetted in the distribution of a controlled substance, the government must prove, "(1) the defendant associated [himself] with the unlawful venture; (2) the defendant participated in it as something [he] wished to bring about; and (3) the defendant sought by [his] actions to make it succeed."

-8-

*United States v. Ellefson*, 419 F.3d 859, 863 (8th Cir. 2005) (quoting *United States v. Mitchell*, 388 F.3d 1139, 1143–44 (8th Cir. 2004)).

Viewing the evidence in the light most favorable to the verdict, there was sufficient evidence for a reasonable jury to conclude Bradshaw was aiding and abetting Foster in his crime. The large sum of money and quantity of methamphetamine recovered would allow a reasonable jury to conclude Foster was in possession of a controlled substance with intent to distribute. Additionally, Bradshaw's decision as the driver of the vehicle to flee law enforcement supports the reasonable inference Bradshaw knew the drugs were present and had a consciousness of guilt from aiding in such criminal conduct. Finally, the informant testified that in the months following the April incident, Bradshaw had given the informant 112 grams of methamphetamine to sell and said the proceeds would go to getting Foster out of jail. This evidence, in addition to the evidence of the ongoing conspiracy between Bradshaw and Foster, would allow a jury to reasonably conclude Bradshaw was not present in the car that day by accident. Nor was he ignorant to Foster's conduct. Rather, he was actively aiding in the possession of the methamphetamine with the intent to distribute. Viewing this evidence in its totality and in light most favorable to the verdict, there was sufficient evidence for a rational jury to conclude Bradshaw aided and abetted in the possession of a controlled substance with intent to distribute.[2]

---

[2]The government also argues there was sufficient evidence to convict Bradshaw of possession with intent to distribute based on a theory he constructively possessed the drugs found in the black sock. Having concluded there was sufficient evidence to convict Bradshaw under an aiding-and-abetting theory, we need not decide this issue.

## III. Conclusion

The district court did not abuse its discretion when it denied Bradshaw's motion for continuance. Additionally, there was sufficient evidence to sustain Bradshaw's two counts of conviction. We therefore affirm Bradshaw's conviction and sentence.

_____