# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2579
_____

United States of America

*Plaintiff - Appellee*

v.

Frank J. Sanchez

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: April 15, 2022
Filed: June 17, 2022
[Unpublished]
_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Frank Sanchez pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). In this appeal, Mr. Sanchez argues that the district

court[1] erred because it denied his second motion to continue his sentencing hearing. We affirm.

On February 21, 2017, in Jefferson County, Colorado, Mr. Sanchez and another person robbed multiple victims. Mr. Sanchez shot one of the victims, who survived and identified Mr. Sanchez. A Colorado state court issued a warrant for Mr. Sanchez's arrest. On September 12, 2017, law enforcement found Mr. Sanchez in a home in Kansas City, Missouri. At that time, he possessed a firearm. Law enforcement transported Mr. Sanchez back to Colorado, where he was convicted of attempted second-degree murder, first-degree assault, and aggravated robbery. The state court sentenced him to 28 years' incarceration.

In federal court, on July 22, 2020, Mr. Sanchez pleaded guilty to being a felon in possession of a firearm. The district court held a sentencing hearing on May 13, 2021. Before the court announced the sentence, however, Mr. Sanchez asked the court for a continuance. He requested a continuance so that his mother could attend the hearing. Although Mr. Sanchez's mother lives in the Kansas City area, he was not able to see her while he was incarcerated because his institution paused in-person visits during the COVID-19 pandemic. Mr. Sanchez hoped to see his mother before authorities transported him to Colorado to serve his 28-year sentence.

The district court granted Mr. Sanchez's request and continued the sentencing hearing to July 6, 2021. His mother was present at the second sentencing hearing. At the hearing, Mr. Sanchez requested another continuance. He asked the district court to continue the hearing until some time in the future so he could complete educational programs and so his family could visit when the institution reopened for

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

visits in August. The court denied Mr. Sanchez's second request for a continuance, but it did allow a 15-minute no-contact visit in the courtroom.

A moving party must generally show a compelling reason for a continuance. United States v. Jones, 643 F.3d 275, 277 (8th Cir. 2011). "We will reverse a district court's decision to deny a motion for a continuance only if the court abused its discretion and the moving party was prejudiced by the denial." Id. (quoting United States v. Lakoskey, 462 F.3d 965, 980 (8th Cir. 2006)).

Mr. Sanchez has shown neither a compelling reason for the district court to continue his sentencing nor prejudice. Mr. Sanchez does not argue that he was unprepared for sentencing or that he would have presented additional evidence or arguments at a later hearing. He has not identified any legal reason why the district court could not announce his sentence. In fact, most of his sentencing was completed at the first hearing, when the district court addressed Mr. Sanchez's objection to the Presentence Investigation Report, calculated the Guidelines range, heard arguments from counsel, and gave Mr. Sanchez the opportunity to speak. Because Mr. Sanchez has not shown that a continuance would have affected his sentence, he has not shown that the denial was prejudicial.

Finding neither an abuse of discretion nor prejudice, we affirm the judgment of the district court.

_____