# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-2665

_____

United States of America

*Plaintiff - Appellee*

v.

Carmelo Valdez Romero

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa

_____

Submitted: January 12, 2023
Filed: July 10, 2023
[Unpublished]

_____

Before GRASZ, MELLOY, and KOBES, Circuit Judges.

_____

PER CURIAM.

A jury found Carmelo Valdez Romero guilty of possession with intent to distribute 50 grams or more of pure methamphetamine and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), as well as 18 U.S.C. § 2. However, the same jury acquitted him of conspiracy to distribute methamphetamine. *See* 21 U.S.C. § 846. After the jury returned the verdict, Valdez Romero filed a

renewed motion for judgment of acquittal under Federal Rule of Criminal Procedure 29. The district court[1] denied the motion and subsequently sentenced Valdez Romero to 120 months of imprisonment.

On appeal, Valdez Romero argues the district court erred when it denied his motion for judgment of acquittal. Under Rule 29(a), the district court is to enter a judgment of acquittal for "any offense for which the evidence is insufficient to sustain a conviction." *United States v. Nelson*, 51 F.4th 813, 817 (8th Cir. 2022) (quoting *United States v. Broeker*, 27 F.4th 1331, 1335 (8th Cir. 2022)). "We review the denial of a motion for judgment of acquittal *de novo*, viewing the evidence and all reasonable inferences in the light most favorable to the jury's verdict." *United States v. McDonald*, 826 F.3d 1066, 1072 (8th Cir. 2016). Judgment of acquittal should be granted "only when no reasonable jury could have found the defendant guilty beyond a reasonable doubt." *Id.*

Valdez Romero contends the evidence at trial was insufficient to sustain his conviction for possession with intent to distribute methamphetamine and aiding and abetting the same. Under the United States Code, it is unlawful "for any person knowingly or intentionally . . . to . . . possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). Thus, the crime requires both knowing possession of and an intent to distribute a controlled substance. *See United States v. Bradshaw*, 955 F.3d 699, 706 (8th Cir. 2020). As for aiding and abetting, "the government must prove, '(1) the defendant associated [himself] with the unlawful venture; (2) the defendant participated in it as something [he] wished to bring about; and (3) the defendant sought by [his] actions to make it succeed.'" *Id.* (quoting *United States v. Ellefson*, 419 F.3d 859, 863 (8th Cir. 2005)).

Viewing the evidence in the light most favorable to the jury's verdict, there was sufficient evidence for a reasonable jury to conclude Valdez Romero had aided

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

and abetted possession with the intent to distribute methamphetamine. The jury could have found Valdez Romero's girlfriend, Delfina Torres-Perez, possessed methamphetamine with the intent to distribute. There was witness testimony that Torres-Perez met with two individuals to recruit their assistance in obtaining pound-level quantities of methamphetamine. According to the witness, Torres-Perez's plan was to fly to Las Vegas with one other person, get a rental vehicle, and then proceed to California to acquire methamphetamine. They were to make the return trip in the rental vehicle with the drugs inside the gasoline tank. The witness testified the trip occurred essentially according to plan, and the pair returned from California approximately one week after the meeting. Law enforcement later seized fifteen pounds of methamphetamine from the location where the rental vehicle was unloaded.

Second, the jury could have found Valdez Romero aided and abetted Torres-Perez's illegal activity. Witnesses testified that Valdez Romero attended the previously mentioned meeting led by Torres-Perez, drove the rental vehicle into a machine shed after it arrived from California, and disassembled the vehicle to access the gasoline tank and remove the drugs. There was also testimony that Valdez Romero intended to use his own tools to access the tank. From these facts an inference could reasonably be drawn that Valdez Romero associated with the unlawful venture, participated in the scheme to bring it about, and wanted the venture to succeed.

Valdez Romero resists this conclusion. He argues the jury's acquittal on the conspiracy charge shows there was insufficient evidence on the possession-with-intent-to-distribute charge. We disagree. To the extent that Valdez Romero insists the verdict is inconsistent, such a position is barred by our precedent. *See United States v. Mata Trejo*, 831 F.3d 1090, 1094 (8th Cir. 2016) (stating, "[b]ecause different elements are required to prove conspiracy to distribute and possession with intent to distribute, the jury verdicts are not inconsistent"). Furthermore, our review is limited to "only ask[ing] whether the government presented sufficient evidence to support the conviction." *McDonald*, 826 F.3d at 1073 (quoting *United States v.*

*Opare-Addo*, 486 F.3d 414, 416 (8th Cir. 2007)).  For the reasons explained above, the evidence the government presented was sufficient to support Valdez Romero's conviction for aiding and abetting possession with intent to distribute.

The judgment of the district court is affirmed.

_____