# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-2417
_____

United States of America

*Plaintiff - Appellee*

v.

Lester A. Bull, also known as Unc

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: December 14, 2023
Filed: February 1, 2024
[Unpublished]
_____

Before SMITH, Chief Judge, GRUENDER and GRASZ, Circuit Judges.
_____

PER CURIAM.

In a four-defendant, seven-count indictment, a federal grand jury charged Lester A. Bull with conspiracy to distribute and possession with the intent to distribute methamphetamine, cocaine, fentanyl, heroin, and marijuana, *see* 21 U.S.C. §§ 841(a)(1), 846, conspiracy to commit money laundering, *see* 18 U.S.C. §§ 1956-

57, possession of a firearm in furtherance of a drug trafficking crime, *see* 18 U.S.C. § 924(c), and being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g).

Bull signed a written plea agreement, but at the change of plea hearing unexpectedly stated that he did not want to plead guilty and instead wanted to go to trial. During the subsequent *Frye* hearing, *see Missouri v. Frye*, 566 U.S. 134 (2012), the district court[1] confirmed with Bull that he had rejected all proposed plea agreements and that he wished to proceed to trial. The district court told Bull that if he changed his mind and later pleaded guilty, he would be doing so without "any [plea] agreement that [he] earlier discussed with the United States or [his] attorneys." Bull confirmed that he understood.

The morning of trial, Bull again unexpectedly changed his plea. On the first count, he pleaded guilty to conspiracy to possess with the intent to distribute 100 kilograms or more of marijuana but disputed his responsibility for drugs other than marijuana. He pleaded guilty to the other counts as charged. There was no agreement as to the calculation of the advisory sentencing guidelines range, and the Government indicated it intended to put on evidence at the sentencing hearing that Bull had in fact participated in a conspiracy to distribute methamphetamine, cocaine, and fentanyl, in addition to marijuana. The district court confirmed with Bull that he had heard and understood that the Government was planning "to present evidence as to the other controlled substances alleged in the indictment" at sentencing.

Following Bull's guilty plea, a presentence investigation report ("PSR") was prepared. Bull objected generally "to the paragraphs included in the Offense Conduct section of the presentence investigation report."

At the start of Bull's sentencing hearing, and without prior notice, Bull's counsel made an oral motion for a continuance. Bull's counsel had previously

---

[1]The Honorable Stephen R. Clark, Chief Judge, United States District Court for the Eastern District of Missouri.

noticed his intent to call Charles Strozier, a co-defendant, as a witness. However, at the time of Bull's hearing Strozier had not yet been sentenced, and Bull only expected that Strozier would testify after Strozier had been sentenced. Bull's counsel admitted that he lacked a legal basis for a continuance and struggled to explain why he had not previously notified opposing counsel and the court. Bull's counsel clarified that Bull wanted Strozier to testify to a conversation that Strozier had with an officer in Bull's presence. In response, the district court heard testimony from that officer and from Bull and repeatedly asked Bull's counsel why he believed Strozier would be able to provide non-cumulative testimony. After Bull's counsel stated that the only basis for his belief was Bull's observation of Strozier's statements, about which Bull had already testified, the district court denied the continuance without prejudice and told Bull's counsel that he could renew the motion later. Bull's counsel never renewed the motion.

As it indicated it would, the Government then introduced evidence that Bull was responsible for the distribution of narcotics in addition to marijuana. In an attempt to clarify Bull's blanket objection to the "Offense Conduct" part of the PSR, the district court asked Bull whether he was objecting to the quantities of the drugs laid out in the PSR or whether he was just claiming not to be responsible for those drugs. Bull clarified that he was not objecting to the drug quantities.

The district court then made specific findings of fact, including adopting the drug quantities from the PSR, before concluding that there was "more than a preponderance of the evidence that Mr. Bull was not only a manager of this [conspiracy] but that he was involved in this conspiracy much more deeply than he would indicate, much more deeply than the stipulated facts would indicate and consistent with the evidence that was presented here by the United States." The district court sentenced Bull to 360 months' imprisonment, within the statutory range of 5 to 40 years, *see* 21 U.S.C. § 841(b)(1)(B), and at the low end of the advisory sentencing guidelines range of 360 months to life. Bull appeals, raising six arguments.

First, Bull argues that his guilty plea was not knowingly and voluntarily made. However, "[b]ecause [Bull] failed to attempt to withdraw his guilty plea in the district court, his claims are not cognizable in this appeal." *See United States v. Villareal-Amarillas*, 454 F.3d 925, 932 (8th Cir. 2006).

Second, Bull argues that the district court erred in denying his motion to continue his sentencing hearing. "We review for an abuse of discretion, giving the district court wide latitude, and will reverse only if [Bull] can show prejudice from the denial." *See United States v. Flynn*, 969 F.3d 873, 881 (8th Cir. 2020). "[L]ast-minute" motions to continue "undermine[] the court's interest in the orderly administration of justice," *United States v. Bradshaw*, 955 F.3d 699, 704 (8th Cir. 2020), and "should be granted only when the party requesting one has shown a compelling reason," *United States v. Jones*, 643 F.3d 275, 277 (8th Cir. 2011). In the district court, Bull failed to show a compelling reason for his last-minute motion for a continuance.

Although Bull argues on appeal that "the only way to find out what Mr. Strozier's testimony would have been [was] to allow Mr. Strozier to take the stand," he also acknowledged to the district court that Strozier was "advised by his counsel not to testify." It is therefore doubtful that Strozier would have ever testified at Bull's sentencing, regardless of when it was held. Moreover, the district court heard testimony from both of the other participants in the conversation about which Bull wanted Strozier to testify. When the district court then asked Bull's counsel if his belief that Strozier could offer non-cumulative testimony was "only bas[ed] . . . on conversations that Mr. Bull had with Mr. Strozier over two years ago," Bull's counsel agreed. Thus, even if Strozier had testified, there is little reason to believe that he would have added anything new. The district court did not abuse its discretion in denying Bull's motion to continue the sentencing hearing, nor did it violate Bull's due process rights in so doing. *See Jones*, 643 F.3d at 277 ("[A] due process violation at sentencing is established only if the defendant shows that the district court relied on materially false information and that the information is demonstrably the basis for the challenged sentence.").

-4-

Third, Bull argues that at sentencing the Government did not prove by a preponderance of the evidence the quantity of drugs, other than marijuana, which were attributable to him, and that the district court clearly erred and violated his due process rights when it found otherwise. *See United States v. Plancarte-Vazquez*, 450 F.3d 848, 852 (8th Cir. 2006) ("The government bears the burden of proving drug quantity by a preponderance of the evidence."). "We review the district court's application of the sentencing guidelines de novo." *United States v. Buford*, 42 F.4th 872, 876 (8th Cir. 2022) (citation omitted). "We review a district court's drug-quantity finding for clear error and reverse only when the entire record definitely and firmly illustrates that the lower court made a mistake." *Id.* (internal quotations and citation omitted). "It is [] well established that in sentencing matters a district court's assessment of witness credibility is quintessentially a judgment call and virtually unassailable on appeal." *Id.* (internal quotations and citation omitted).

The district court did not clearly err in finding Bull responsible for methamphetamine, fentanyl, and cocaine, and in finding the exact amounts of each. To the extent that Bull argues on appeal that he was not responsible for these drugs, he already admitted at sentencing that he was aware there was methamphetamine in his house. Detective Eric Lanham, a Drug Enforcement Administration Task Force Officer, additionally testified that Bull had previously admitted to selling methamphetamine, cocaine, and fentanyl. The Government also introduced a ledger with drug and payment amounts consistent with the prices of cocaine and fentanyl. The district court found that "Bull's testimony was not credible" on the issue of his responsibility, noting that "[h]e was often unable to answer questions," even on direct examination, and claimed not to know about the ledgers yet averred knowledge of their contents. By contrast, the district court found credible Detective Lanham's testimony about Bull's prior admission to dealing methamphetamine, cocaine, and fentanyl. Reviewing the district court's "carefully explained credibility determinations," we find nothing in the record that "definitely and firmly illustrates that the lower court made a mistake." *Id.* at 877. And to the extent that Bull disputes the exact amounts of the drugs found, he waived that objection in response to a question from the district court. *See United States v. Campbell*, 764 F.3d 874, 878

(8th Cir. 2014) (when "a defendant knowingly and voluntarily waives a right, any error is unreviewable on appeal"). The district court asked Bull to clarify his blanket objection to the "Offense Conduct" part of the PSR, asking: "With respect to the other substances besides marijuana, is there any objection to the quantities?" Bull responded, "No, Your Honor." Bull thus waived any objection to the quantities of any drugs other than marijuana, and he does not dispute the marijuana quantity on appeal. The district court properly adopted those factual findings from the PSR, and "any error" made by the district court in so doing is "unreviewable on appeal." *Id.*

Fourth, we decline Bull's invitation to overrule our decisions holding that "a district court may impose a sentence based on a drug quantity determination greater than that found by the jury," or admitted by a defendant, "so long as the sentence does not exceed the statutory maximum of the convicted offense and the district court's calculation is supported by sufficient evidence." *United States v. Webb*, 545 F.3d 673, 677 (8th Cir. 2008). Only the Supreme Court or this court sitting *en banc* may take up Bull's invitation. *See United States v. Eason*, 829 F.3d 633, 641 (8th Cir. 2016) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel.").

Fifth, Bull argues that his felon-in-possession conviction should be vacated because 18 U.S.C. § 922(g)(1) is unconstitutional. But we have already held that § 922(g)(1) is constitutional. *See United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023); *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023). This contention, too, fails.

Sixth, Bull argues that his counsel was ineffective in allowing him to plead guilty without a plea agreement. However, "[w]e will not consider ineffective assistance of counsel claims on direct appeal except in exceptional cases in which the district court has developed a record on the ineffectiveness issue or where the result would otherwise be a plain miscarriage of justice." *United States v. Looking Cloud*, 419 F.3d 781, 788-89 (8th Cir. 2005) (internal quotation marks omitted).

These circumstances are not present, so we decline to decide Bull's ineffective-assistance claim.

Affirmed.

_____