# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2584
_____

United States of America

*Plaintiff - Appellee*

v.

Richard Romel Taylor

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: March 11, 2024
Filed: May 9, 2024
[Unpublished]

_____

Before GRUENDER, SHEPHERD, and GRASZ, Circuit Judges.

_____

PER CURIAM.

   In February 2016, Richard Romel Taylor was sentenced to a five-year term of probation for a drug offense. In 2018, the United States Probation Office requested that the district court[1] revoke Taylor's probation because Taylor was suspected of

_____

   [1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

committing a shooting that killed two people and injured at least two others. Before the revocation hearing, Taylor was convicted in Missouri state court of two counts of second-degree murder, two counts of first-degree assault, and four counts of armed criminal action related to the shooting. Also before the hearing, Taylor pleaded guilty to two counts of delivery of a controlled substance in a separate state court case. At the revocation hearing, the documents admitted into evidence correctly stated the number of murders Taylor was found guilty of committing. However, during the hearing, the Government incorrectly stated that the state court convicted Taylor of three counts of murder and that Taylor had killed three people.[2] The district court found that Taylor violated the terms of his supervision by committing another crime, possessing a firearm, and unlawfully possessing a controlled substance. The district court revoked Taylor's probation and sentenced him to 240 months' imprisonment.

On appeal, Taylor argues that the district court committed procedural error and violated his due process rights by sentencing him based on the Government's erroneous statements that he was convicted of three murders. Because Taylor failed to object to the Government's misstatements during the revocation hearing, we review for plain error. *See United States v. May*, 70 F.4th 1064, 1072, 1076 (8th Cir. 2023) (reviewing defendant's procedural error and due process claims for plain error because defendant failed to object). To demonstrate plain error, Taylor "must show (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Williams*, 30 F.4th 796, 799 (8th Cir. 2022) (internal quotation marks omitted).

The district court committed procedural error if it imposed Taylor's sentence based on a clearly erroneous fact. *See Gall v. United States*, 552 U.S. 38, 51 (2007). If the district court "relied on materially false information and . . . the information is

---

[2]The Government's brief explains the facts that led to this mistake. Taylor moves to strike this portion of the brief because these facts are not a part of the record below. We grant the motion to strike.

demonstrably the basis for the challenged sentence," the district court also violated his due process rights. *United States v. Jones*, 643 F.3d 275, 277 (8th Cir. 2011). The Government did erroneously reference three murders and convictions instead of two. However, it does not appear that the district court relied on the Government's incorrect assertions when determining Taylor's sentence. The district court admitted into evidence the Government's exhibit stating the accurate number of murder convictions. The court reviewed all the admitted exhibits and found that Taylor violated the terms of his supervision "based on this evidence." And in announcing Taylor's sentence, the district court stated that Taylor "[had] been convicted of a number of extremely serious crimes" and that the court was therefore "fully convinced that [he was] a danger to the community. . . and that in order to protect the community, a very significant sentence need[ed] to be imposed." In reaching this conclusion, the district court did not identify a specific number of "serious crimes" or in any way indicate that it based the sentence on the particular number of murder convictions. There is no evidence that the district court relied on the Government's misstatement or considered the statement that Taylor had committed three murders in imposing its sentence. Thus, the district court did not commit procedural error or violate Taylor's due process rights.

Even if the district court did mistakenly believe that Taylor had been convicted of three murders, Taylor has not shown reversible plain error because he fails to demonstrate that the alleged error affected his substantial rights. *See Greer v. United States*, 593 U.S. 503, 508 (2021) (explaining "[t]he defendant has the burden of establishing entitlement to relief for plain error" (internal quotation marks omitted)). The alleged error affected Taylor's substantial rights if there is "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id.* at 507-08. Taylor has not demonstrated a reasonable probability that, but for the Government's misstatements as to the number of his murder convictions, the district court would have imposed a lesser sentence. The district court based its sentence on the seriousness of Taylor's crimes and the danger he posed to the community. Taylor has not pointed to any evidence demonstrating a reasonable probability that, if the Government had stated the correct number of

murder convictions at the hearing, the district court's view of the seriousness of Taylor's crimes or the danger he posed to the community would have changed such that the court would have imposed a lesser sentence.

For the foregoing reasons, we affirm the district court's judgment.

_____