# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2672

_____

United States of America

*Plaintiff - Appellee*

v.

Reginald Lamont Harris

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: April 12, 2024
Filed: June 3, 2024
[Unpublished]

_____

Before GRUENDER, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

On July 9, 2020, a grand jury returned an indictment charging Reginald Harris with one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). Trial was initially set for March 1, 2021. After

several continuances, most of which were requested by Harris, the district court[1] eventually set the trial for January 30, 2023, and directed the parties to file all pretrial motions at least twenty-one days prior to trial.

Before trial, Harris indicated a desire to plead guilty, so the district court held a change-of-plea hearing on January 20, 2023. At the hearing, Harris initially said that he wanted to plead guilty. The Government then summarized the facts that it would prove if the case proceeded to trial: Harris was sitting in the driver's seat of a car in the driveway of his mother's house when he and his companions were approached by federal agents who wanted to ask them about recent activity in the neighborhood. While they were speaking, one of the agents smelled marijuana, and Harris admitted to the agents that he had just finished smoking. The agents then asked Harris to step out of the car. When he stepped out, the agents saw a round of .380-caliber ammunition sitting in the driver's seat. They searched Harris and found an additional bullet in his pocket. They then searched the car, discovering a .380-caliber handgun between the driver's seat and center console.

After the Government's presentation, Harris denied that the gun was his and asserted that officers planted the ammunition in the car. The court determined that it could not accept a guilty plea because of Harris's denial and ended the hearing.

Five days later, on January 25, 2023, Harris moved to continue the impending jury trial, requesting additional time to file a motion to suppress and secure a hearing on the motion. Harris indicated that he had not filed a motion to suppress earlier because he believed that his case was going to be resolved by plea. The district court denied the motion to continue the same day. At the pretrial conference, the district court permitted Harris to summarize the grounds for his motion to suppress. The district court then denied the motion and proceeded to trial. The jury found Harris guilty, and the district court subsequently sentenced Harris to 41 months'

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

imprisonment and 2 years' supervised release. Harris now appeals, arguing that the district court abused its discretion by denying the motion to continue and thereby denying him an opportunity to file a written motion to suppress and have a separate hearing on the motion.

We review the district court's denial of a motion to continue for an abuse of discretion. *See United States v. Moe*, 536 F.3d 825, 831 (8th Cir. 2008). We will only reverse if the district court's denial of a continuance was an abuse of discretion and the decision prejudiced the defendant. *Id.* at 831. But if the district court did not abuse its discretion by denying the motion, we need not reach the prejudice inquiry. *See id.*

To determine whether the district court abused its discretion by denying the continuance, we consider five factors:

> (1) the nature of the case and whether the parties have been allowed adequate timing for trial preparation; (2) the diligence of the party requesting the continuance; (3) the conduct of the opposing party and whether a lack of cooperation has contributed to the need for a continuance; (4) the effect of the continuance and whether a delay will seriously disadvantage either party; and (5) the asserted need for the continuance, with weight to be given to sudden exigencies and unforeseen circumstances.

*United States v. Jones*, 662 F.3d 1018, 1024 (8th Cir. 2011). Here, all five factors support the district court's denial.

The first two factors weigh heavily against a continuance. Regarding the first factor, Harris had more than two years before he filed his motion to continue to prepare for trial and file motions. This was more than adequate, particularly for this simple felon-in-possession case. *Cf. United States v. Cordy*, 560 F.3d 808, 816 (8th Cir. 2009) (finding that this factor weighed against granting a continuance because counsel had ten months to prepare for trial in a case involving evidentiary

"complexities"). Similarly, Harris was not diligent. Harris had ample opportunity to file a motion to suppress earlier. He was indicted over two years before he went to trial. He filed his motion to continue on January 25, 2023—less than a week before the trial date and more than two weeks after the pretrial motion deadline. *Cf. United States v. Robinson*, 662 F.3d 1028, 1032 (8th Cir. 2011) (finding that defendant who waited until the first day of trial to seek new counsel was not diligent). The fact that a potential guilty plea was on the table does not excuse Harris's failure to prepare for trial by timely filing any necessary motions, and he asserts no other reason for the delay. *See United States v. Trobee*, 551 F.3d 835, 838 (8th Cir. 2009) ("It was not an abuse of discretion for the district court to adhere to the published deadlines. Plea negotiations do not mandate an exception to court-ordered scheduling deadlines, particularly where a party allows a deadline to pass and then seeks retroactively to have it extended."); *see also United States v. Wright*, 682 F.3d 1088, 1090 (8th Cir. 2012) (noting that a defendant's "predicament" does not support a continuance when it is "a product of [his] own making").

Harris concedes that the Government "did not do anything in this case to delay it, nor did it do anything in bad faith." Relatedly, Harris acknowledges that the continuance would have required the district court to change its schedule and might have caused "some annoyance, inconvenience, or both." Both parties, however, agree that the continuance would not have caused significant disadvantage to either party.

Finally, Harris asserts that he needed the continuance "to file a motion to suppress and to have a suppression hearing." But, as discussed, he had over two years to file such a motion. Harris does not contend that he discovered new information or offer any explanation for the delay, other than his belief that the case would be resolved by a guilty plea. His mistaken belief does not entitle him to extra time. *See United States v. Bradshaw*, 955 F.3d 699, 704 (8th Cir. 2020) (finding that this factor weighed against a continuance where the defendant did not show "a sudden exigency or unforeseen circumstances").

Having considered the relevant factors, we conclude that the district court did not abuse its discretion in denying the motion to continue.  Thus, we affirm.

_____